unauthorized practice of law under the definition set forth in § 3-1001(E) and falls within the general prohibition of § 3-1003 applicable to nonlawyers such as Hansen. Although the Commission did not specifically allege in its petition that Hansen was engaged in the unauthorized practice of law by holding himself out as being authorized to practice law, that fact is implicit in its allegations that Hansen had been giving legal advice to others. And we note that despite having an opportunity to do so, Hansen did not file exceptions to the finding of the hearing master that he "is and was holding himself out as a regular attorney practitioner in the State of Nebraska," nor did he assert that such finding was not within the scope of this proceeding. We conclude that Hansen's conduct is deceptive and poses the type of risk of harm to the public that our unauthorized practice rules are intended to prevent.

Accordingly, by separate order entered on June 14, 2013, Hansen is enjoined from engaging in the unauthorized practice of law in any manner, including but not limited to holding himself out to another as being entitled to practice law as defined by § 3-1001.

Injunction issued.

---

State of Nebraska, appellee, v. Samuel Q. Smith, appellant.
___ N.W.2d ___

Filed June 14, 2013.    No. S-12-966.

1. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.
2. **Postconviction: Proof: Appeal and Error.** A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous.
3. **Actions: Time.** When the period within which an act is to be done in any action or proceeding is given in terms of months or years, the last day of the period is the appropriate anniversary of the triggering act or event, unless that anniversary falls on a Saturday, Sunday, or court holiday.
4. **Records: Time: Evidence: Presumptions.** The entry of filing by the clerk is the best evidence of the date of filing and is presumed to be correct until the contrary is shown.

Appeal from the District Court for Douglas County: DUANE C. DOUGHERTY, Judge. Affirmed.

Samuel Q. Smith, pro se.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, MCCORMACK, MILLER-LERMAN, and CASSEL, JJ.

WRIGHT, J.

## I. NATURE OF CASE

Samuel Q. Smith appeals from the district court's denial of his motion for postconviction relief without an evidentiary hearing. The court determined the action was barred by Neb. Rev. Stat. § 29-3001(4) (Cum. Supp. 2012). We affirm.

## II. SCOPE OF REVIEW

[1] Statutory interpretation presents a question of law, which we review independently of the lower court's determination. *Watkins v. Watkins*, 285 Neb. 693, 829 N.W.2d 643 (2013).

[2] A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Robinson*, 285 Neb. 394, 827 N.W.2d 292 (2013).

## III. FACTS

In April 2003, Robert Chromy chased Smith and two other shoplifters from a gas station and tried to keep them from leaving the scene. See *State v. Smith*, 13 Neb. App. 404, 693 N.W.2d 587 (2005). During this attempt, Smith shot and killed Chromy. Smith was charged with second degree murder and use of a deadly weapon to commit a felony. The jury convicted him of both counts. He was sentenced to 40 to 60 years' imprisonment for second degree murder and 5 to 10 years' imprisonment for use of a deadly weapon to commit a felony. The sentences were to be served consecutively with credit for 391 days served. The Nebraska Court of Appeals affirmed Smith's convictions and sentences, and on April 27, 2005, this court denied further review.

In 2011, the Nebraska Legislature enacted L.B. 137, which amended the Nebraska Postconviction Act, Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 2008 & Cum. Supp. 2012). See 2011 Neb. Laws, L.B. 137, § 1. The amendment created a 1-year time limit for filing a verified motion for postconviction relief. The 1-year period runs from the appropriate triggering event or August 27, 2011, whichever is later. See, L.B. 137, § 1; § 29-3001(4) (Cum. Supp. 2012).

Smith filed the instant pro se action for postconviction relief. He alleges that he filed the motion on August 24, 2012, and that his motion was timely filed under the "prison delivery rule." The motion was file stamped by the clerk of the district court for Douglas County, Nebraska, on August 28, 2012. Smith claims his motion was signed and notarized on August 24, which was a Friday, and that the next mailing day available to him was Monday, August 27. He claims the fact that his motion was received on August 28 is evidence that he mailed the motion on or before August 27.

The district court concluded Smith had until 1 year from August 27, 2011, to file his motion. It noted that Nebraska does not have a prison delivery rule. The court determined that the motion, file stamped on August 28, 2012, was filed outside the 1-year period described in § 29-3001(4) and that Smith's postconviction action was barred by the limitation period pursuant to § 29-3001(4). It denied the motion without an evidentiary hearing, and Smith appealed. Pursuant to statutory authority, we moved the case to our docket. See Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

## IV. ASSIGNMENT OF ERROR

Smith assigns, restated, that the district court erred in denying postconviction relief without an evidentiary hearing.

## V. ANALYSIS

### 1. § 29-3001(4)

The question is whether Smith timely filed his motion for postconviction relief. Section 29-3001(4) states, in relevant part:

A one-year period of limitation shall apply to the filing of a verified motion for postconviction relief. The one-year limitation period shall run from the later of:

(a) The date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal;

. . . .

(e) August 27, 2011.

Smith's convictions became final when his direct appeal concluded with this court's denial of his petition for further review on April 27, 2005, several years before August 27, 2011. See § 29-3001(4)(a). Since August 27, 2011, is later than the date Smith's judgments of conviction became final, the 1-year period in § 29-3001(4) began to run on August 27, 2011, and expired on August 27, 2012.

[3] Unless the context is shown to intend otherwise, the word "year" in a Nebraska statute means a "calendar year." See Neb. Rev. Stat. § 49-801(25) (Reissue 2010). In *Licht v. Association Servs., Inc.*, 236 Neb. 616, 463 N.W.2d 566 (1990), we determined that a 2-year period beginning on April 4, 1986, expired on April 4, 1988. In application, when the period is given in terms of months or years, the last day of the period is the appropriate anniversary of the triggering act or event, unless that anniversary falls on a Saturday, Sunday, or court holiday. *Id*.

Because the 1-year period for Smith's postconviction motion began to run on August 27, 2011, it expired on the 1-year anniversary of that date, Monday, August 27, 2012. Smith's motion was file stamped on August 28, 2012, 1 day after the 1-year period expired.

## 2. Filing by Mail

### (a) Prison Delivery Rule

Smith contends he filed his motion on August 24, 2012. He asserts that the district court abused its discretion by disregarding the prison delivery rule set forth in *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). In *Houston*, the prisoner delivered his notice of appeal to prison authorities for mailing to the district court within the 30-day

time period mandated by 28 U.S.C. § 2107 (1988). His notice of appeal was not stamped "filed" by the district court until 1 day after the required filing period. The U.S. Supreme Court held that the notice was timely filed. It concluded that a prisoner acting pro se "files" a notice of appeal on the date it is delivered to prison authorities for forwarding to the clerk of the district court. The Court noted that a pro se prisoner litigant cannot travel to the courthouse, but has to rely on prison authorities, who may have a reason to delay the filing.

The State argues Smith's motion was filed on August 28, 2012, as shown by the filing stamp of the clerk of the district court. It claims there is no evidence that Smith placed his motion in the mail on August 24. It admits Smith signed the motion on August 24 but asserts that the date the motion was signed is not controlling. The State claims that Nebraska courts have declined to adopt a prison delivery rule.

In *State v. Parmar*, 255 Neb. 356, 586 N.W.2d 279 (1998), we rejected the prison delivery rule. After we affirmed both his conviction for murder and the denial of his first postconviction motion, LeRoy J. Parmar filed a pro se motion for postconviction relief. The district court denied the motion. We dismissed the appeal because Parmar had not timely perfected it. The postconviction appeal presented the question whether a prisoner's pro se poverty affidavit, which was necessary to perfect the appeal, was filed on the date it was delivered to prison authorities for mailing rather than the date it was received in the office of the clerk of the district court. Because the notice of appeal and the poverty affidavit were received in the clerk of the district court's office more than 30 days after the rendition of the judgment, we were without jurisdiction to consider the appeal. Parmar argued that his pro se notice of appeal and poverty affidavit were timely filed under the prison delivery rule announced in *Houston v. Lack, supra*.

We distinguished Nebraska's filing requirements in Neb. Rev. Stat. § 25-1912 (Reissue 1995) from 28 U.S.C. § 2107 (1994). Section 25-1912 required an appeal to be filed in the office of the clerk of the district court, and we could not construe "'in the office of'" to mean "'in the hands of prison

authorities for forwarding to the office of.'" See *State v. Parmar*, 255 Neb. at 362, 586 N.W.2d at 283. To say we had jurisdiction based on anything other than the plain words of the statute would have been the equivalent of judicial legislation. *Id*. We continue to hold that the prison delivery rule does not apply in Nebraska.

### (b) § 49-1201

Smith relies on Neb. Rev. Stat. § 49-1201 (Reissue 2010), which provides for a presumption of mailing "if the sender establishes by competent evidence that the report, claim, tax return, tax valuation, equalization, or exemption protest, or tax form, petition, appeal, or statement, or payment was deposited in the United States mail on or before the date for filing or paying." Smith alleges he has provided evidence of mailing through the signature and notarization on his motion for postconviction relief, which are dated August 24, 2012. He asserts that August 24 was a Friday; that all institutional mail would not leave the institution until the next Monday, August 27; and that the fact that the clerk of the district court's office received the motion on August 28 was competent evidence he mailed the motion on or before August 27.

Statutory interpretation presents a question of law, which we review independently of the lower court's determination. *Watkins v. Watkins*, 285 Neb. 693, 829 N.W.2d 643 (2013). Smith's reliance on § 49-1201 is misplaced. This court has not applied § 49-1201 to postconviction actions. Section 49-1201 relates to tax matters and is inapplicable in postconviction actions.

Words grouped in a list should be given related meaning. See *State v. Kipf*, 234 Neb. 227, 450 N.W.2d 397 (1990). The terms "tax return," "tax valuation," "equalization," "exemption protest," "tax form," "petition," "appeal," "statement," and "payment" relate to tax matters. Giving the words "report" and "claim" a related meaning excludes a motion for postconviction relief from coverage under § 49-1201. Section 49-1201 does not apply to Smith's motion.

[4] A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the

district court will not be disturbed unless they are clearly erroneous. *State v. Robinson*, 285 Neb. 394, 827 N.W.2d 292 (2013). "The entry of filing by the clerk is the best evidence of the date of filing and is presumed to be correct until the contrary is shown." *State v. Hess*, 261 Neb. 368, 377-78, 622 N.W.2d 891, 901 (2001). The district court's finding that Smith filed his motion outside the 1-year period was not clearly erroneous.

## VI. CONCLUSION

The district court did not err in denying postconviction relief without an evidentiary hearing. We affirm the judgment of the district court.

Affirmed.

———————————

State of Nebraska, appellee, v. James L. Branch, appellant.
___ N.W.2d ___

Filed June 14, 2013.    No. S-12-1010.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.
2. **Postconviction: Constitutional Law: Judgments: Proof.** An evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution, causing the judgment against the defendant to be void or voidable.
3. **Postconviction.** An evidentiary hearing is not required when a motion for postconviction relief alleges only conclusions of fact or law.
4. **Postconviction: Constitutional Law: Judgments: Proof.** If a defendant makes sufficient allegations of a constitutional violation which would render a judgment void or voidable, an evidentiary hearing on a motion for postconviction relief may be denied only when the records and files affirmatively show that the defendant is entitled to no relief.

Appeal from the District Court for Douglas County: W. Mark Ashford, Judge. Affirmed in part, and in part reversed and remanded for further proceedings.