30 days of the dismissal order.[25] Payment was received by Holdsworth 42 days after the compensation court dismissed his claim pursuant to the settlement agreement. There can be no legal or medical dispute over liability, because the parties had reached an agreement for payment. Therefore, the employer's failure to promptly pay is not excused, and the award was proper.

I respectfully dissent from the majority opinion's conclusion that an employee waives his or her right to a waiting-period penalty when reaching a non-court-approved settlement pursuant to § 48-139(3). Accordingly, I would affirm the compensation court's decision to grant Holdsworth's motion for penalties.

_____

[25] See *Hollandsworth v. Nebraska Partners, supra* note 17.

_____

State of Nebraska ex rel. Commission on
Unauthorized Practice of Law, relator,
v. Paul J. Hansen, respondent.
___ N.W.2d ___

Filed June 14, 2013.    No. S-12-475.

1. **Rules of the Supreme Court: Attorneys at Law.** The Nebraska Supreme Court has the inherent power to define and regulate the practice of law and is vested with exclusive power to determine the qualifications of persons who may be permitted to practice law.

2. ____: ____. The inherent power of the Nebraska Supreme Court to define and regulate the practice of law includes the power to prevent persons who are not attorneys admitted to practice in this state from engaging in the practice of law.

3. **Attorney and Client: Actions.** A legal proceeding in which a party is represented by a person not admitted to practice law is considered a nullity and is subject to dismissal.

4. **Rules of the Supreme Court: Attorneys at Law.** Pursuant to its inherent authority to define and regulate the practice of law in Nebraska, the Nebraska Supreme Court has adopted rules specifically addressed to the unauthorized practice of law. The purpose of the rules is to protect the public from potential harm caused by the actions of nonlawyers engaging in the unauthorized practice of law.

Original action. Injunction issued.

Sean J. Brennan, Special Prosecutor, for relator.

Paul J. Hansen, pro se.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

PER CURIAM.

## NATURE OF CASE

This is an original action brought by the Nebraska Supreme Court Commission on Unauthorized Practice of Law (Commission) to enjoin Paul J. Hansen from engaging in the unauthorized practice of law.

## BACKGROUND

In November 2011, the Commission received a complaint from legal counsel for the Nebraska State Patrol alleging that Hansen was engaged in the unauthorized practice of law. The complaint alleged that Hansen was "maintaining a website selling presentations on filing evictions and common law l[ie]ns" and that Hansen was "holding himself out as a lawyer and counsel, but not as an attorney." After an investigation, the Commission found that Hansen was not a lawyer and that he had engaged in the practice of law as defined by Neb. Ct. R. § 3-1001(A) and (B). Specifically, the Commission found that Hansen "has a webpage that offers the public 'eviction kits' for $35 and 'common law liens' for $25." The Commission also noted "[t]here may be more violations that exist . . . ."

The Commission mailed a certified letter dated February 23, 2012, to Hansen at his Omaha, Nebraska, address, directing him to contact the Commission and to cease and desist from engaging in the unauthorized practice of law. Copies of the Commission's written findings and this court's rules governing the unauthorized practice of law were enclosed with this letter. When the letter was returned unclaimed, the Commission arranged for it to be personally served on Hansen at his Omaha address by the Douglas County sheriff's office. Personal service on Hansen occurred on April 2 at the Omaha address shown on his Web site.

Several days later, the Commission received a written response purportedly signed by Hansen and bearing the Omaha address at which he was served. The response referred to the Commission's letter of February 23, 2012, and included the following statements, which we quote verbatim including grammatical, typographical, and spelling errors:

> 1. I have never represented, in any way, in the jurisdiction of the United States (Land 'of' the United States.
>
> 2. Any material conveyed/shared by me is done without the United States. Done on land not 'of' the United States.
>
> 3. It is my understanding United States Promulgated Court Rules are without force and effect outside of the said Jurisdiction of the United States.
>
> 4. No material I share is know to be intentionally shipped into a United States possession. If I am using a medium to convey information by a United States possession please inform me of this fact so that I may alter the rout.
>
> 5. I have never in time past held a license / association with/by a state Bar License.
>
> 6. Does your office consider land not owned by the United States the jurisdiction of the United States as to Statute 3-1001(A)(B)?

On May 30, 2012, the Commission filed a petition for injunctive relief pursuant to Neb. Ct. R. § 3-1015. The petition alleged that Hansen had been engaging in the unauthorized practice of law from October 25, 2010, to the present in the following particulars:

> (A) [Hansen] has been and is giving advice or counsel, direct or indirect, to other persons as to the legal rights of those persons, where a relationship of trust or reliance exists between [Hansen] and the persons to which such advice or counsel is given;
>
> (B) [Hansen] has engaged in selecting, drafting, completing, and/or filing, for other persons, legal documents which affect the legal rights of those persons;
>
> (C) [Hansen] created and maintains a webpage at www.pauljjhansen.com, on which he sells a "Do-It-Yourself eviction kit" and a "Common Law Lien kit."

He also blogs and responds to questions posted on that webpage by giving legal advice.

(D) [Hansen] is not licensed to practice law in the state of Nebraska and thus, is unauthorized to engage in the conduct referred to herein.

The petition further alleged that the Commission had served Hansen with its findings and a request to cease and desist, but that he had not agreed to do so. The petition alleged that the Commission had no adequate remedy at law and prayed that this court invoke the procedures set forth in § 3-1015(C) through (F) and issue a civil injunction enjoining Hansen from engaging in the unauthorized practice of law. Upon the filing of the petition, we granted the Commission's motion for appointment of counsel to represent it in the proceeding due to the fact that its counsel had conducted the investigation and would appear as a witness.

Hansen was personally served with a copy of the petition and summons at his Omaha address on June 21, 2012. On July 2, he filed a pleading captioned "Foreign Plea in Abatement." Because pleas in abatement are not provided for in civil actions,[1] this court found the pleading to be improper and ordered it stricken from the record. Hansen also filed a "Memorandum of Fact, Agreement, and Law, in Affidavit form- Case No. S-12-475" on July 2. This court deemed it to constitute an answer pursuant to § 3-1015(C). In this answer, Hansen alleged that he is a "'free inhabitant'" who claims independence from the United States and its written laws and is not subject to the jurisdiction of the United States or the State of Nebraska. Because the answer raised disputed questions of material fact, we appointed a hearing master pursuant to § 3-1015(F) to conduct proceedings in accordance with Neb. Ct. R. § 3-1016.

The hearing master conducted an evidentiary hearing which commenced on November 12, 2012, and was continued to December 27, when it concluded. Hansen received notice of the hearing but did not appear. Evidence received at the

---

[1] Neb. Rev. Stat. § 25-801.01 (Reissue 2008).

hearing included an Internet posting dated January 12, 2012, in which Hansen provided his location as "Omaha, NE" and stated: "I am a 'common law' Lawyer. I counsel clients all over America and a few in foreign countries, vi [sic] internet." There was also evidence that when a telephone call was placed to Hansen's office on November 8, 2012, a recorded message stated: "You have reached the law office of Paul Hansen. Leave your name, number, best time to call you, your time zone, and email if you are a client." There was also evidence that Hansen's Internet postings included information about his hourly rates.

The hearing master filed a report on February 7, 2013. He found that Hansen is not a licensed Nebraska lawyer and that Hansen "is and was holding himself out as a regular attorney practitioner in the State of Nebraska." The hearing master thus found "by clear and convincing evidence that . . . Hansen has engaged and is engaged in the unauthorized practice of law contrary to Nebraska law and the rules of the Nebraska Supreme Court." On the basis of this finding, he recommended that an injunction be issued.

On March 20, 2013, this court entered an order directing that copies of the hearing master's report and recommendation be mailed to all parties. The order established deadlines for filing exceptions to the hearing master's report and for filing supporting briefs pursuant to Neb. Ct. R. § 3-1017(B). No exceptions or briefs were filed by either party. On April 24, this court entered an order advising the parties that the matter would be deemed submitted as of May 6, in the absence of objection by either party. No objections were filed.

## DISPOSITION

[1-3] This court has the inherent power to define and regulate the practice of law and is vested with exclusive power to determine the qualifications of persons who may be permitted to practice law.[2] This includes the power to prevent persons

---

[2] *State ex rel. Comm. on Unauth. Prac. of Law v. Tyler*, 283 Neb. 736, 811 N.W.2d 678 (2012).

who are not attorneys admitted to practice in this state from engaging in the practice of law.[3] A legal proceeding in which a party is represented by a person not admitted to practice law is considered a nullity and is subject to dismissal.[4] This is not for the benefit of lawyers admitted to practice in this state, but "'"'for the protection of citizens and litigants in the administration of justice, against the mistakes of the ignorant on the one hand, and the machinations of unscrupulous persons on the other . . . .'"'"[5]

[4] Pursuant to our inherent authority to define and regulate the practice of law in Nebraska, this court has adopted rules specifically addressed to the unauthorized practice of law.[6] The purpose of the rules is to protect the public from potential harm caused by the actions of nonlawyers engaging in the unauthorized practice of law.[7] At the core of these rules is a general prohibition: "No nonlawyer shall engage in the practice of law in Nebraska or in any manner represent that such nonlawyer is authorized or qualified to practice law in Nebraska except as may be authorized by published opinion or court rule."[8] "Nonlawyer" is defined by the rules as "any person not duly licensed or otherwise authorized to practice law in the State of Nebraska," including "any entity or organization not authorized to practice law by specific rule of the Supreme Court whether or not it employs persons who are licensed to practice law."[9] Based on our de novo review of the record and pursuant to § 3-1018, we adopt the finding of the hearing master that Hansen is not licensed or authorized to practice law in

---

[3] *Id.*

[4] *Id.*

[5] *Id.* at 739-40, 811 N.W.2d at 681, quoting *State ex rel. Comm. on Unauth. Prac. of Law v. Yah*, 281 Neb. 383, 796 N.W.2d 189 (2011), quoting *Niklaus v. Abel Construction Co.*, 164 Neb. 842, 83 N.W.2d 904 (1957).

[6] See Neb. Ct. R. §§ 3-1001 to 3-1021 (rev. 2008).

[7] *Id.*, Statement of Intent.

[8] § 3-1003.

[9] § 3-1002(A).

Nebraska and is therefore a "nonlawyer" within the meaning of our rules.

The question, then, is whether Hansen, as a nonlawyer, has engaged in the "practice of law," which is defined by § 3-1001 as follows:

> The "practice of law," or "to practice law," is the application of legal principles and judgment with regard to the circumstances or objectives of another entity or person which require the knowledge, judgment, and skill of a person trained as a lawyer. This includes, but is not limited to, the following:
>
> (A) Giving advice or counsel to another entity or person as to the legal rights of that entity or person or the legal rights of others for compensation, direct or indirect, where a relationship of trust or reliance exists between the party giving such advice or counsel and the party to whom it is given.
>
> (B) Selection, drafting, or completion, for another entity or person, of legal documents which affect the legal rights of the entity or person.
>
> (C) Representation of another entity or person in a court, in a formal administrative adjudicative proceeding or other formal dispute resolution process, or in an administrative adjudicative proceeding in which legal pleadings are filed or a record is established as the basis for judicial review.
>
> (D) Negotiation of legal rights or responsibilities on behalf of another entity or person.
>
> (E) Holding oneself out to another as being entitled to practice law as defined herein.

In its petition for injunctive relief, the Commission alleged that Hansen had engaged in the conduct described in § 3-1001(A) and (B). The hearing master did not make a specific finding that Hansen had given legal advice or counsel to any person or entity with whom he had a relationship of trust or reliance. Nor did he specifically find that Hansen had selected, drafted, or completed legal documents for any specific person. Based upon our de novo review of the record, we find insufficient evidence to show that Hansen engaged in

the unauthorized practice of law as defined by § 3-1001(A) and (B). The evidence does support an inference that Hansen sold certain forms from his Web site, including "common law liens" and an "eviction package." But our unauthorized practice of law rules do not prohibit "[n]onlawyers selling legal forms in any format, so long as they do not advise or counsel another regarding the selection, use, or legal effect of the forms."[10] Although the evidence in this record suggests that Hansen is counseling others regarding the use of his forms, it is insufficient for us to conclude that he has actually done so in Nebraska. In this regard, we note that counsel for the Commission requested and received a continuance of the hearing in order to obtain evidence identifying "clients" who had retained Hansen, but later advised the hearing master that he had been unable to obtain such evidence.

But the evidence in the record fully supports the finding of the hearing master that Hansen "is and was holding himself out as a regular attorney practitioner in the State of Nebraska." On his Web site and other Internet postings, Hansen identifies himself as a "Lawyer/Counsel without the United States," a "'common law' Lawyer," and "Legal Counsel." When a call is placed to his telephone number within area code 402, a recorded message states that the caller has reached "the law office of Paul Hansen." We agree with the finding of the hearing master that "the unsophisticated potential client, reading . . . Hansen's proffered literature and viewing his statements on the internet, and corresponding with him, would believe that . . . Hansen is licensed to practice law in Nebraska and capable of giving sound legal advice."

From his response to the Commission's letter informing him of its findings and his filings in this court, it appears that Hansen believes that he is not subject to state law and is free to practice law without a license so long as he does so on "land not owned by the United States." He is mistaken.

We adopt the findings of the hearing master that Hansen has held himself out as a lawyer authorized to practice in Nebraska and that he continues to do so. This constitutes the

---

[10] § 3-1004(G).

unauthorized practice of law under the definition set forth in § 3-1001(E) and falls within the general prohibition of § 3-1003 applicable to nonlawyers such as Hansen. Although the Commission did not specifically allege in its petition that Hansen was engaged in the unauthorized practice of law by holding himself out as being authorized to practice law, that fact is implicit in its allegations that Hansen had been giving legal advice to others. And we note that despite having an opportunity to do so, Hansen did not file exceptions to the finding of the hearing master that he "is and was holding himself out as a regular attorney practitioner in the State of Nebraska," nor did he assert that such finding was not within the scope of this proceeding. We conclude that Hansen's conduct is deceptive and poses the type of risk of harm to the public that our unauthorized practice rules are intended to prevent.

Accordingly, by separate order entered on June 14, 2013, Hansen is enjoined from engaging in the unauthorized practice of law in any manner, including but not limited to holding himself out to another as being entitled to practice law as defined by § 3-1001.

Injunction issued.

─────────────

State of Nebraska, appellee, v. Samuel Q. Smith, appellant.
___ N.W.2d ___

Filed June 14, 2013.    No. S-12-966.

1. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.
2. **Postconviction: Proof: Appeal and Error.** A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous.
3. **Actions: Time.** When the period within which an act is to be done in any action or proceeding is given in terms of months or years, the last day of the period is the appropriate anniversary of the triggering act or event, unless that anniversary falls on a Saturday, Sunday, or court holiday.
4. **Records: Time: Evidence: Presumptions.** The entry of filing by the clerk is the best evidence of the date of filing and is presumed to be correct until the contrary is shown.