State of Nebraska, appellee, v.
Jamey M. Crawford, appellant.
___ N.W.2d ___

Filed July 17, 2015.    No. S-14-338.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision.

2. **Postconviction: Proof: Appeal and Error.** A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous.

3. **Limitations of Actions: Pleadings: Waiver.** A statute of limitations does not operate by its own force as a bar, but, rather, operates as a defense to be pled by the party relying upon it and is waived if not pled.

4. **Limitations of Actions.** A typical statute of limitations specifies only that an action must be commenced within a specified time period.

5. **Postconviction: Limitations of Actions: Jurisdiction.** The 1-year period of limitation set forth in Neb. Rev. Stat. § 29-3001(4) (Cum. Supp. 2014) is not a jurisdictional requirement and instead is in the nature of a statute of limitations.

6. **Postconviction: Constitutional Law: Proof.** In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable.

7. ____: ____: ____. A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution.

8. **Postconviction: Appeal and Error.** If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case

affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing.

9. **Constitutional Law: Effectiveness of Counsel.** A proper ineffective assistance of counsel claim alleges a violation of the fundamental constitutional right to a fair trial.

10. **Effectiveness of Counsel: Proof: Appeal and Error.** To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. A court may address the two prongs of this test, deficient performance and prejudice, in either order.

11. **Effectiveness of Counsel: Pleas: Proof.** To show prejudice when the alleged ineffective assistance relates to the entry of a plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have entered the plea and would have insisted on going to trial.

12. **Constitutional Law: Right to Counsel: Effectiveness of Counsel: Time: Appeal and Error.** A defendant does not have a constitutional right to counsel beyond the conclusion of his or her direct appeal, and therefore, he or she cannot be deprived of effective assistance of counsel based on the failure of counsel to timely file a petition for further review.

Appeal from the District Court for Dodge County: Geoffrey C. Hall, Judge. Affirmed.

Nicholas E. Wurth, of Law Offices of Nicholas E. Wurth, P.C., for appellant.

Jon Bruning, Attorney General, and Stacy M. Foust for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, and Miller-Lerman, JJ.

Miller-Lerman, J.
NATURE OF CASE
Jamey M. Crawford appeals the order of the district court for Dodge County which denied his motion for postconviction

relief on the merits after an evidentiary hearing. As an initial matter, the State argues on appeal that although the issue was not raised in the district court, Crawford's motion should have been dismissed as untimely pursuant to the 1-year period of limitation set forth in Neb. Rev. Stat. § 29-3001(4) (Cum. Supp. 2014) of the postconviction act. We conclude that the 1-year period of limitation is an affirmative defense and that the State waived the defense when it failed to raise it in the district court. With respect to the merits, we affirm the district court's denial of Crawford's motion for postconviction relief.

## STATEMENT OF FACTS

In 2011, Crawford pled guilty to possession of a controlled substance and was found to be a habitual criminal. The district court for Dodge County sentenced Crawford to imprisonment for 10 to 15 years. The Nebraska Court of Appeals affirmed Crawford's conviction and sentence. *State v. Crawford*, No. A-11-645, 2011 WL 399888 (Neb. App. Feb. 7, 2012) (selected for posting to court Web site). Crawford did not petition this court for further review, and therefore, the Court of Appeals filed its mandate on March 14, 2012.

On March 27, 2013, Crawford filed a pro se motion for postconviction relief in which he raised various claims. The State responded to Crawford's pro se motion by arguing the merits of Crawford's claims. In its response, the State did not raise the issue whether Crawford's motion was timely under § 29-3001(4).

The district court thereafter appointed postconviction counsel, who filed an amended motion. In the amended motion, Crawford stated that his counsel on direct appeal was different from his trial counsel and that he received ineffective assistance of appellate counsel in various respects.

Among Crawford's claims of ineffective assistance of appellate counsel was an assertion that "appellate counsel failed to assign as error, trial counsel's failure to file a motion

to withdraw [Crawford's] guilty plea after it was made obvious that [Crawford] wished to do so." Crawford asserted that he entered the guilty plea because he was led to believe that he would be eligible to participate in a drug court program. However, Crawford alleged, trial counsel failed to advise him that he would not be eligible for drug court if he was found to be a habitual criminal. He further claimed that he likely would have been allowed to withdraw his plea prior to sentencing, because the misunderstanding regarding eligibility for drug court would have been a fair and just basis to allow withdrawal.

Crawford also claimed that in December 2011, during the pendency of his direct appeal, appellate counsel informed him that counsel would be unable to continue representing him. Crawford claimed that counsel never filed a motion to withdraw as counsel and that, as a result, Crawford "was uncertain of whether he was represented by counsel or not" when the Court of Appeals affirmed his conviction on February 7, 2012, and he was without an attorney to petition this court for further review. Crawford claimed that he would have sought further review but that the time for filing a petition for further review had expired before he learned no substitute appellate counsel had been appointed.

After an evidentiary hearing on Crawford's motion for postconviction relief, the district court denied Crawford's claims on their merits. With regard to the claim regarding withdrawal of the plea on the basis that Crawford was not informed he was not eligible for drug court, the court stated that it was apparent on the record Crawford knew before entering his plea there was a possibility that he would not be admitted into drug court and that Crawford confirmed to the trial court he understood admission into drug court was not part of the plea agreement. The court further stated that the record showed that Crawford was aware of the potential sentence if he was found to be a habitual criminal.

With regard to appellate counsel's withdrawal during the pendency of the direct appeal, the court found that Crawford was not prejudiced by counsel's withdrawal. The court noted that although Crawford was informed of appellate counsel's withdrawal in December 2011, Crawford did not file a request for appointment of appellate counsel until August 2012, at which time, the request was denied because there was no appeal pending.

The district court did not on its own motion raise an issue whether Crawford's postconviction motion was timely under § 29-3001(4), nor did the court address the issue in its order denying relief.

Crawford appeals the denial of his postconviction motion.

## ASSIGNMENTS OF ERROR

Crawford claims, restated, that the district court erred in denying his claims that he received ineffective assistance of counsel when (1) appellate counsel failed to assign error to trial counsel's failure to move to withdraw the plea and (2) appellate counsel failed to ensure that Crawford received substitute appellate counsel. Crawford also claims that he should be granted postconviction relief "due to the plain error that permeates the record." The State asserts that denial of Crawford's motion was correct, either because the motion for postconviction was not timely filed or because it lacked merit.

## STANDARDS OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision. *State v. Alfredson*, 287 Neb. 477, 842 N.W.2d 815 (2014).

[2] A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Branch*, 290 Neb. 523, 860 N.W.2d 712 (2015).

## ANALYSIS

*Limitation Period Under § 29-3001(4) Is an*
*Affirmative Defense, and the State Waived*
*the Issue When It Failed to Raise the*
*Defense in the District Court.*

We note as an initial matter that the State argues that rather than addressing the merits of Crawford's postconviction motion, the district court should have dismissed Crawford's motion on the basis that it was untimely pursuant to the 1-year period of limitation set forth in § 29-3001(4). Although neither the State nor the district court raised the issue below, the State argues that the timely filing of the postconviction motion is a jurisdictional requirement and that therefore, because the district court lacked jurisdiction to consider the merits of Crawford's motion, this court consequently lacks jurisdiction over this appeal. We conclude that the period of limitation is not a jurisdictional requirement and that instead, it is in the nature of an affirmative defense which the State waived when it failed to raise the defense in the district court.

The time limitation on filing a postconviction action is set forth in § 29-3001(4) of the postconviction act as follows:

A one-year period of limitation shall apply to the filing of a verified motion for postconviction relief. The one-year limitation period shall run from the later of:

(a) The date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal;

(b) The date on which the factual predicate of the constitutional claim or claims alleged could have been discovered through the exercise of due diligence;

(c) The date on which an impediment created by state action, in violation of the Constitution of the United States or the Constitution of Nebraska or any law of this state, is removed, if the prisoner was prevented from filing a verified motion by such state action;

(d) The date on which a constitutional claim asserted was initially recognized by the Supreme Court of the

United States or the Nebraska Supreme Court, if the newly recognized right has been made applicable retroactively to cases on postconviction collateral review; or

(e) August 27, 2011.

The State argues that the timeliness issue goes to subject matter jurisdiction and that we should resolve this appeal based on Crawford's alleged failure to timely file his motion, because lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte. See *Davis v. Choctaw Constr.*, 280 Neb. 714, 789 N.W.2d 698 (2010). If timely filing is a jurisdictional requirement, this court can and must consider the issue, whether or not the issue was raised before or decided by the court below. See *Breci v. St. Paul Mercury Ins. Co.*, 288 Neb. 626, 849 N.W.2d 523 (2014) (before reaching legal issues presented for review, it is duty of appellate court to determine whether it has jurisdiction over matter before it).

The State alternatively argues that even if the failure to timely file for postconviction relief does not deprive the courts of jurisdiction, then the denial of Crawford's motion should still be affirmed on the basis that the motion was not timely filed under the terms of the statute. See § 29-3001(4). In support of this argument, the State cites *State v. Smith*, 286 Neb. 77, 834 N.W.2d 799 (2013), in which this court affirmed the district court's order denying a motion for postconviction relief without an evidentiary hearing because the motion was not filed within the 1-year limitation period set forth in § 29-3001(4).

In *Smith, supra*, we affirmed the district court's order denying postconviction relief for failure to comply with the 1-year limitation, but we did not state that the failure deprived the district court of jurisdiction and we did not dismiss the appeal for lack of jurisdiction. In *Smith*, we did not explicitly discuss whether the 1-year limitation was a jurisdictional requirement. In contrast to the present case, in *Smith*, the limitation issue was raised below and the district court denied the motion on the basis of the statute's time limitation. As such, it

was appropriate for this court to consider the issue on appeal whether or not it was a jurisdictional issue. Therefore, *Smith* does not answer the question presented in this case: whether the time limitation in § 29-3001(4) is a jurisdictional requirement that must be considered by this court or whether the State waived the issue when it failed to raise it as a defense in the district court.

[3] We discussed the distinction between statutorily prescribed time periods that are jurisdictional requirements and those that are in the nature of a statute of limitations in *In re Estate of Hockemeier*, 280 Neb. 420, 786 N.W.2d 680 (2010). We noted that while an appellate court can and must consider an alleged failure to meet a time requirement that is a jurisdictional requirement, the failure to satisfy a statute of limitations cannot be raised for the first time on appeal. We stated that "[t]his is so because a statute of limitations does not operate by its own force as a bar, but, rather, operates as a defense to be pled by the party relying upon it and is waived if not pled." *Id*. at 424, 786 N.W.2d at 684. Therefore, if the 1-year period of limitation in § 29-3001(4) is a jurisdictional requirement, we must consider whether Crawford met the requirement; if instead, it is in the nature of a statute of limitations, then the State may not raise the issue for the first time in this appeal, because the State waived the defense when it failed to raise it in the district court.

[4] At issue in *In re Estate of Hockemeier* was a 60-day period set forth in Neb. Rev. Stat. § 30-2488(a) (Reissue 2008), during which period a claimant must file a petition or commence a proceeding to challenge a personal representative's disallowance of a claim against an estate. We stated that "[a] typical statute of limitations specifies only that an action must be commenced within a specified time period." *In re Estate of Hockemeier*, 280 Neb. at 424, 786 N.W.2d at 684. We noted that the language of § 30-2488(a) was unlike the language of a typical statute of limitations (which can be waived) because § 30-2488(a) not only specified a time period, it also specified the consequences of an untimely filing when it clearly and

expressly stated that a claim was barred if the claimant failed to act within the statutory period. We noted that the statute was self-executing and that if the time requirement was not met, the claim was barred by operation of law. We therefore concluded in *In re Estate of Hockemeier* that "the filing of a petition for judicial allowance of the claim within the 60-day period specified in § 30-2488(a) is a jurisdictional requirement." 280 Neb. at 425, 786 N.W.2d at 685.

[5] Applying the reasoning of *In re Estate of Hockemeier* to the present case, we conclude that the 1-year period of limitation set forth in § 29-3001(4) is not a jurisdictional requirement and instead is in the nature of a statute of limitations. As noted above, the time limitation on filing a postconviction action is set forth in § 29-3001(4) of the postconviction act as follows:

A one-year period of limitation shall apply to the filing of a verified motion for postconviction relief. The one-year limitation period shall run from the later of:

(a) The date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal;

(b) The date on which the factual predicate of the constitutional claim or claims alleged could have been discovered through the exercise of due diligence;

(c) The date on which an impediment created by state action, in violation of the Constitution of the United States or the Constitution of Nebraska or any law of this state, is removed, if the prisoner was prevented from filing a verified motion by such state action;

(d) The date on which a constitutional claim asserted was initially recognized by the Supreme Court of the United States or the Nebraska Supreme Court, if the newly recognized right has been made applicable retroactively to cases on postconviction collateral review; or

(e) August 27, 2011.

The language of § 29-3001(4) is like the language of a "typical statute of limitations" in that it "specifies only

that an action must be commenced within a specified time period." See *In re Estate of Hockemeier*, 280 Neb. 420, 424, 786 N.W.2d 680, 684 (2010). Unlike the language of the statute at issue in that case, § 29-3001(4) does not specify the consequences of an untimely filing and it does not clearly and expressly state that a postconviction action is barred if not filed within the period of limitation. Finally, we note that § 29-3001(4) explicitly labels the time requirement as a "period of limitation." These factors support our determination that § 29-3001(4) does not impose a jurisdictional requirement but instead is in the nature of a statute of limitations.

For the sake of completeness, we note that the language of § 29-3001(4) is similar to a federal statute, 28 U.S.C. § 2244(d)(1) (2012), which imposes a time limitation on the filing of a habeas action under 28 U.S.C. § 2254 (2012) by a person in state custody. In *Day v. McDonough*, 547 U.S. 198, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006), the U.S. Supreme Court determined that the time limitation set forth in 28 U.S.C. § 2244(d)(1) is not a jurisdictional requirement. Instead, the *McDonough* Court characterized the 1-year limitation period as a statute of limitations defense and stated that therefore, "courts are under no *obligation* to raise the time bar *sua sponte*." 547 U.S. at 205. The Court stated that in this respect, the limitations defense resembled other threshold barriers to habeas relief such as exhaustion of state remedies, procedural default, and nonretroactivity.

We further note that our conclusion that the period of limitation under § 29-3001(4) is not a jurisdictional requirement is consistent with our recent discussion in *State v. Ryan*, 287 Neb. 938, 845 N.W.2d 287 (2014), *cert. denied* ___ U.S. ___, 135 S. Ct. 943, 190 L. Ed. 2d 840 (2015), in which we urged careful use of the term "jurisdiction." In *Ryan*, the district court dismissed a motion for postconviction relief on the basis that the prisoner's "claims were not cognizable in postconviction." 287 Neb. at 940, 845 N.W.2d at 290. As an initial matter in our analysis, we considered the parties' dispute over whether the court had dismissed the motion on "jurisdictional

grounds." *Id.* at 941, 845 N.W.2d at 291. We noted that in prior postconviction cases in which we stated that a court had no jurisdiction to grant postconviction relief, "[o]ur language . . . was imprecise" and we had "frequently used the term 'jurisdiction' too loosely." *Id*. We stated that strictly speaking, "jurisdiction" refers to a court's adjudicatory authority and that the term "jurisdictional" applies only to "'"prescriptions delineating the classes of cases (subject matter jurisdiction) and the persons (personal jurisdiction)" implicating that authority.'" *Id*. at 941-42, 845 N.W.2d at 291. In *Ryan*, we further stated that the specific failing in that case was a failure to show "an element of a claim for postconviction relief, not a jurisdictional prerequisite." 287 Neb. at 942, 845 N.W.2d at 291. Therefore, "the proper course" in such circumstance was "to dismiss for failure to state a claim, not for lack of jurisdiction." *Id*. See, also, *Anderson v. Houston*, 274 Neb. 916, 744 N.W.2d 410 (2008) (stating that habeas claim brought in wrong county is issue of venue but not matter of jurisdiction). In the present case, we apply the reasoning in *Ryan* and conclude that while the failure to file a postconviction motion within the period of limitation may deprive the prisoner of a postconviction claim if the State raises the limitation set forth in § 29-3001(4) as a defense, such failure does not deprive a court of subject matter jurisdiction over the general class of postconviction actions.

Based on our conclusion that the period of limitation set forth in § 29-3001(4) is not a jurisdictional requirement and instead is in the nature of a statute of limitations, we conclude that the State waived the statute of limitations when it failed to raise it as an affirmative defense in the district court. The court did not raise the issue sua sponte, and we therefore need not determine whether a court may raise the issue sua sponte when the State fails to do so. Cf. *Day v. McDonough*, 547 U.S. 198, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006) (holding that while court is not required to raise time limitation sua sponte, it is not prohibited from doing so). Because the period of limitation under § 29-3001(4) is in the nature of a statute

of limitations, the State cannot raise the issue for the first time on appeal. See *In re Estate of Hockemeier*, 280 Neb. 420, 786 N.W.2d 680 (2010).

We finally note that the State also argues that Crawford's motion should have been denied on the basis that Crawford did not sign or verify his amended motion for postconviction relief. The State cites § 29-3001(4), which requires a "verified motion." We note that the original pro se motion was signed and verified by Crawford and that the State's argument refers only to the amended motion filed after counsel was appointed. Because Crawford filed a verified motion, we find no merit to this argument.

Having rejected the State's alternative arguments, we proceed to consider the merits of Crawford's assignments of error on appeal.

*District Court Did Not Err When It*
*Denied Crawford's Postconviction*
*Claims on Their Merits.*

Crawford claims that the district court erred when it denied his postconviction claims on their merits. Crawford argues that the district court should have granted him postconviction relief based on two claims of ineffective assistance of counsel and based on "plain error that permeates the record." We conclude that the district court did not err when it determined that Crawford's claims were without merit.

[6] The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2008 & Cum. Supp. 2014), provides that postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his constitutional rights such that the judgment was void or voidable. *State v. Dragon*, 287 Neb. 519, 843 N.W.2d 618 (2014). Thus, in a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution,

causing the judgment against the defendant to be void or voidable. *Dragon, supra*.

[7,8] A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution. *Dragon, supra*. If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *Id*.

[9,10] A proper ineffective assistance of counsel claim alleges a violation of the fundamental constitutional right to a fair trial. *Id*. To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *Dragon, supra*. A court may address the two prongs of this test, deficient performance and prejudice, in either order. *Id*.

Crawford asserts that his appellate counsel provided ineffective assistance in two respects: (1) failing to assign error to trial counsel's failure to move to withdraw Crawford's plea after Crawford learned he would not be eligible for drug court and (2) failing to ensure that Crawford received substitute counsel after appellate counsel withdrew during the pendency of Crawford's direct appeal. The district court addressed and rejected each of these claims in its order denying postconviction relief.

With regard to the claim relating to withdrawal of the plea, the postconviction court stated that it was apparent on the record that Crawford knew before entering his plea that there was a possibility that he would not be admitted into drug court and that Crawford confirmed to the trial court that he understood admission into drug court was not part of the plea agreement. The court further stated that the record showed

Crawford was aware of the potential sentence if he was found to be a habitual criminal. The court found that trial counsel had obtained a favorable plea agreement for Crawford.

[11] To show prejudice when the alleged ineffective assistance relates to the entry of a plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have entered the plea and would have insisted on going to trial. *State v. Fester*, 287 Neb. 40, 840 N.W.2d 543 (2013). The district court determined that trial counsel obtained a favorable plea agreement for Crawford, and the court therefore effectively found that Crawford had not shown that without counsel's alleged ineffectiveness, he would not have accepted the plea and instead would have insisted on going to trial. These determinations are supported by the record, and we agree that Crawford has not shown a reasonable probability that he would have insisted on going to trial; instead, he generally argues that he could have obtained a better plea deal if he had been allowed to withdraw his plea and not that he would have insisted on going to trial.

Having reviewed the record, we note that Crawford's argument regarding his plea is a variation on an argument that was presented to and rejected by the Court of Appeals in Crawford's direct appeal. In his direct appeal, Crawford argued that his plea bargain was illusory and that his plea was not knowingly, voluntarily, and intelligently entered. The Court of Appeals rejected this argument, noting, inter alia, that the record showed Crawford was not misinformed about the plea agreement, that he knew he might not get into drug court, and that Crawford received significant benefits from the plea agreement. Crawford's argument in this postconviction action is effectively a repositioning of this same claim, and we conclude that the district court did not err when it rejected the claim in this postconviction action.

With regard to appellate counsel's withdrawal during the pendency of the direct appeal, the postconviction court found that Crawford "was not prejudiced in any way" by counsel's

withdrawal, because counsel had completed all work necessary for the appeal before withdrawing and, in fact, the appeal was fully considered on the merits. The court noted Crawford's argument that he claimed he was prejudiced by not being able to file a petition for further review. The court found that although Crawford was informed of appellate counsel's withdrawal prior to issuance of the Court of Appeals' decision, Crawford did not request appointment of substitute counsel until after the time had passed to seek further review.

[12] We agree with the postconviction court that Crawford has not shown prejudice from the failure of appellate counsel to seek further review. We acknowledge that Crawford was arguably without counsel at the time the Court of Appeals filed its decision and that during the period, he might have petitioned for further review. However, the U.S. Supreme Court has held that the right to counsel does not extend to discretionary appeals to a state's highest court, *Ross v. Moffitt*, 417 U.S. 600, 94 S. Ct. 2437, 41 L. Ed. 2d 341 (1974), and that the right to counsel is limited to the first appeal as of right, *Evitts v. Lucey*, 469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985). Based on this precedent, we have held that in Nebraska, a defendant does not have a constitutional right to counsel beyond the conclusion of his or her direct appeal and that therefore, he or she cannot be deprived of effective assistance of counsel based on the failure of counsel to timely file a petition for further review. See *State v. Mata*, 273 Neb. 474, 730 N.W.2d 396 (2007). See, also, *State v. Taylor*, 14 Neb. App. 849, 716 N.W.2d 771 (2006). We note that this conclusion is consistent with Neb. Ct. R. App. P. § 2-102(G) (rev. 2012), which provides in part that "[f]urther review by the Supreme Court is not a matter of right, but of judicial discretion."

In the present case, before withdrawing, Crawford's appellate counsel had completed all work that was necessary in connection with submitting Crawford's first appeal as of right to the Court of Appeals. Because there was no right to

counsel beyond the conclusion of the appeal to the Court of Appeals, Crawford was not deprived of effective assistance of counsel based on the failure of counsel to file a petition for further review. We therefore conclude that the district court did not err when it rejected this claim.

Crawford finally argues that the district court should have granted postconviction relief based on "plain error that permeates the record." We have rejected Crawford's assertions of error, and we find no other plain error. We therefore conclude that the district court did not err when it denied postconviction relief.

## CONCLUSION

We conclude that the limitation periods for filing a postconviction motion in § 29-3001(4) are in the nature of a statute of limitations and are not jurisdictional. In this case, the State waived the statute of limitations under § 29-3001(4) when it failed to raise the defense in the district court. Having reviewed Crawford's assignments of error on appeal and finding them to be without merit, we affirm the district court's denial of his motion for postconviction relief.

Affirmed.

Cassel, J., not participating.