Tony Underwood, appellant, v.
Nebraska State Patrol, appellee.
___ N.W.2d ___

Filed January 17, 2014.    No. S-13-207.

1. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.
2. **Administrative Law: Judgments: Appeal and Error.** A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record.
3. ____: ____: ____. When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
4. **Judgments: Appeal and Error.** Whether a decision conforms to law is by definition a question of law, in connection with which an appellate court reaches a conclusion independent of that reached by the lower court.
5. **Statutes: Legislature: Intent: Appeal and Error.** In discerning the meaning of a statute, an appellate court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.
6. **Criminal Law: Weapons: Licenses and Permits: Criminal Attempt.** The obvious purpose of Neb. Rev. Stat. § 69-2433 (Cum. Supp. 2012) is to prevent people with a demonstrated propensity to commit crimes, including crimes involving acts of violence, from carrying concealed weapons so as to minimize the risk of future gun violence. An attempt to commit a crime is indicative of future behavior, and in the context of § 69-2433(5), the attempt itself is an act of violence.

Appeal from the District Court for Douglas County: W. Mark Ashford, Judge. Affirmed.

Lawrence G. Whelan and Dennis Whelan, of Whelan Law Office, for appellant.

Jon Bruning, Attorney General, and Jody R. Gittins for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Miller-Lerman, J.

## NATURE OF CASE

Tony Underwood appeals the order of the district court for Douglas County in which it affirmed the decision of the Nebraska State Patrol (State Patrol) denying Underwood's application for a permit to carry a concealed handgun. The Concealed Handgun Permit Act (the Act) is found at Neb. Rev. Stat. § 69-2427 et seq. (Reissue 2009 & Cum. Supp. 2012). Under § 69-2433(5) of the Act, a permit will be denied an applicant who has "been convicted of a misdemeanor crime of violence under the laws of this state . . . within the ten years immediately preceding the date of application." In 2008, Underwood was convicted at a jury trial of attempted third degree sexual assault of a child, a Class I misdemeanor. Underwood applied for a concealed handgun permit in December 2011. Underwood claims that attempted third degree sexual assault of a child was not a "crime of violence" under § 69-2433(5) and that the State Patrol and the district court erred when they concluded that Underwood's application should be denied. We find no errors on the record, and affirm.

## STATEMENT OF FACTS

In December 2011, Underwood filed an application for a concealed handgun permit with the State Patrol. On the application, he answered "No" to the question, "Have you ever plead [sic] guilty or no contender [sic] or been convicted of a felony or crime of violence in any jurisdiction." On January 19, 2012, the State Patrol sent Underwood a letter stating that his application had been denied for the reason that he had been convicted of a crime of violence, specifically "attempted sexual assault."

Underwood petitioned for an administrative hearing to contest the decision denying his application. The hearing was held on June 6, 2012. Evidence admitted at the hearing showed that Underwood had been charged in 2006 with third degree sexual assault of a child, in violation of Neb. Rev. Stat. § 28-320.01 (Reissue 2008). Section 28-320.01(1)

provides that "[a] person commits sexual assault of a child in the second or third degree if he or she subjects another person fourteen years of age or younger to sexual contact and the actor is at least nineteen years of age or older," and § 28-320.01(3) provides that "[s]exual assault of a child is in the third degree if the actor does not cause serious personal injury to the victim."

Sheriff's reports admitted into evidence at the administrative hearing showed that a girl who was 12 years old at the time of the incident alleged that Underwood, who was then 32 years old, had walked into a room where she was sleeping, put his hand under her shirt, and ran his hand up toward her chest, where he rubbed her; the girl said that he might have touched her breast, but she was not sure. Underwood went to trial in 2008, and a jury found him guilty of attempted third degree sexual assault of a child. Reading § 28-320.01(3) and Neb. Rev. Stat. § 28-201(4)(e) (Reissue 2008) together, the conviction was a Class I misdemeanor. Under § 28-320.01(3), third degree sexual assault of a child is a Class IIIA felony for the first offense, and under § 28-201(4)(e), a criminal attempt is a Class I misdemeanor when the crime attempted is a Class IIIA or Class IV felony.

Following the administrative hearing, the hearing officer recommended affirming the denial of Underwood's application. The hearing officer noted in his findings of fact and conclusions of law that at the time Underwood filed his application, the Act provided that an applicant for a permit shall "[n]ot have pled guilty to, not have pled nolo contendere to, or not have been convicted of a misdemeanor crime of violence under the laws of this state or under the laws of any other jurisdiction within the ten years immediately preceding the date of application." See § 69-2433(5) (Cum. Supp. 2010). The hearing officer further noted that the statute had been amended effective April 19, 2012, to provide that an applicant shall "[n]ot have been convicted of a misdemeanor crime of violence under the laws of this state or under the laws of any other jurisdiction within the ten years immediately preceding the date of application." See § 69-2433(5) (Cum. Supp. 2012). The hearing officer determined that the amendment did not

affect the outcome of this matter, an assessment with which neither Underwood nor this court disagrees.

In determining whether Underwood had committed a "crime of violence," the hearing officer did not consider the sheriff's report which contained the victim's allegations but instead considered the elements of the crime of which Underwood was convicted. The hearing officer noted that the term "crime of violence" was not defined in the Act. The hearing officer looked to case law, including *State v. Palmer*, 224 Neb. 282, 294, 399 N.W.2d 706, 717 (1986), in which this court stated that a crime of violence is "an act which injures or abuses through the use of physical force." With this understanding of the phrase "crime of violence," the hearing officer determined that third degree sexual assault of a child was a "crime of violence" and further determined that for purposes of § 69-2433(5), an attempt to commit a crime of violence is itself a crime of violence. The hearing officer stated that the Act was "concerned with the future behavior of a holder of a permit" and that "§ 69-2433 specifies past crimes, circumstances and behaviors deemed relevant to future behavior." The hearing officer reasoned that "[o]ne who attempts to commit a crime of violence has manifested the past behavior which is" relevant to future behavior.

The hearing officer determined that because Underwood had been convicted of attempted third degree sexual assault of a child in 2008, Underwood had been convicted of a misdemeanor crime of violence within the 10 years immediately preceding the date of his application in 2011, and that therefore the State "was justified in denying the application under § 69-2433(5)." On June 20, 2012, the State Patrol agency head adopted the hearing officer's recommendation and denied Underwood's application.

Underwood petitioned the district court for review of the State Patrol's decision under the Administrative Procedure Act, Neb. Rev. Stat. §§ 84-901 to 84-920 (Reissue 2008 & Cum. Supp. 2012). A hearing was conducted on December 3, 2012. On March 1, 2013, the court filed an order in which it affirmed the State Patrol's denial of Underwood's application. The court stated in its order that the Act "is designated [sic]

by the legislature to restrict the ability to carry a concealed weapon to those persons not believed to be threatening to society." The court agreed with the hearing officer's reasoning that "an individual who attempts to commit a crime of violence is one who has manifested in their past behavior the inability to carry a concealed weapon and obtain such permit." The court determined that Underwood's conviction for attempted third degree sexual assault of a child disqualified him from obtaining a concealed handgun permit under § 69-2433(5) of the Act.

Underwood appeals the district court's order which affirmed the denial of his application for a concealed handgun permit by the State Patrol.

## ASSIGNMENT OF ERROR

Underwood claims that the district court erred when it concluded that attempted third degree sexual assault of a child is a "crime of violence" under § 69-2433(5) and affirmed the denial of his application for a concealed handgun permit.

## STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Skaggs v. Nebraska State Patrol*, 282 Neb. 154, 804 N.W.2d 611 (2011).

[2-4] A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *J.P. v. Millard Public Schools*, 285 Neb. 890, 830 N.W.2d 453 (2013). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*. Whether a decision conforms to law is by definition a question of law, in connection with which an appellate court reaches a conclusion independent of that reached by the lower court. *Skaggs v. Nebraska State Patrol*, *supra*.

ANALYSIS

Section 69-2433 of the Act describes the characteristics an applicant must possess to receive a permit, as well as facts which disqualify an applicant. Section 69-2433(5) at issue in this case provides that an applicant shall "[n]ot have been convicted of a misdemeanor crime of violence under the laws of this state or under the laws of any other jurisdiction within the ten years immediately preceding the date of application." Other statutory disqualifying facts include § 69-2433(2) (prohibited under "18 U.S.C. 922"), § 69-2433(4) (convicted of felony), and § 69-2433(8) (convicted of any law relating to firearms, unlawful use of weapon, or controlled substances).

Underwood concedes that by its terms, a conviction of third degree sexual assault of a child under § 28-320.01 is a crime of violence for purposes of § 69-2433(5) and therefore would disqualify an individual from receiving a concealed handgun permit. We agree. See, also, *State v. Nelson*, 235 Neb. 15, 453 N.W.2d 454 (1990) (referring to statutory sexual assault as crime of violence). Underwood contends, however, that an attempt to commit third degree sexual assault of a child is not a crime of violence under § 69-2433(5). Underwood asserts that the district court erred when it found to the contrary and affirmed the denial of his application for a concealed handgun permit. We reject Underwood's argument.

As an initial matter, we observe that there is nothing in the plain language of § 69-2433 which invites us to examine the particular facts underlying the disqualifying convictions to which reference is made, and we decline to do so. It is the fact of conviction which gives rise to the disqualification, not the factual details of the crime. Accordingly, we look to the elements of the statutes underlying the conviction in this case to determine whether Underwood's misdemeanor conviction for attempted third degree sexual assault of a child was for a crime of violence for purposes of § 69-2433(5).

We briefly recite or paraphrase the relevant criminal statutes. A person commits sexual assault of a child in the third degree if he or she subjects another person 14 years of age or younger to sexual contact and the actor is at least 19 years of age or older. § 28-320.01(1). Sexual assault of a child is in

the third degree if the actor does not cause serious personal injury to the victim. § 28-320.01(3). "Sexual contact" means the intentional touching of a victim's sexual or intimate parts and shall include only such conduct which can be reasonably construed as being for the purpose of sexual arousal or gratification. See Neb. Rev. Stat. § 28-318(5) (Cum. Supp. 2012). A person is guilty of an attempt to commit a crime if one intentionally engages in conduct which would constitute the crime if the attendant circumstances were as he or she believes them to be or which, under the circumstances as he or she believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his or her commission of the crime. § 28-201(1).

The expression "crime of violence" in § 69-2433(5) is not defined. Underwood suggests we apply criminal case law to determine the meaning of the expression "crime of violence" as used in § 69-2433(5). Under this approach and relying on criminal cases such as *State v. Palmer*, 224 Neb. 282, 399 N.W.2d 706 (1986), Underwood contends that "physical force" is required for a crime of violence and that the absence of physical force in the attempted crime at issue precludes a finding of a crime of violence under § 69-2433(5). Underwood's reasoning is flawed.

[5] At issue in this case is the meaning of "crime of violence" as used in § 69-2433(5). Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Skaggs v. Nebraska State Patrol*, 282 Neb. 154, 804 N.W.2d 611 (2011). This statute is found in chapter 69 ("Personal Property"), article 24 ("Guns"), of the Nebraska Revised Statutes. The provisions of § 69-2433 dealing with concealed handgun permits constitute a civil statute. Application of the intricacies of criminal law jurisprudence on which Underwood heavily relies is not well suited to implementation of this civil permit statute. Instead, to determine the meaning of "crime of violence" in § 69-2433(5), we should look, as the State Patrol and district court did, to the conventional rule of statutory construction that in discerning the meaning of a statute, we must determine and give effect to

the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *Watkins v. Watkins*, 285 Neb. 693, 829 N.W.2d 643 (2013).

The hearing officer concluded that the Act

> is concerned with the future behavior of a holder of a [gun] permit. § 69-2433 specifies past crimes, circumstances and behaviors deemed relevant to future behavior. One who attempts to commit a crime of violence has manifested the past behavior which is the focus of the act rather than the, at times, fortuitous outcome or success of that behavior.

We agree with the foregoing observation, as did the district court.

[6] Section 69-2433 lists numerous convictions which serve to disqualify an applicant from receiving a concealed handgun permit. The obvious purpose of § 69-2433 is to prevent people with a demonstrated propensity to commit crimes, including crimes involving acts of violence, from carrying concealed weapons so as to minimize the risk of future gun violence. Regardless of which definition of attempt is applied, Underwood stands convicted of having attempted to commit third degree sexual assault of a child. An attempt to commit a crime is indicative of future behavior, and in the context of § 69-2433(5), we believe the attempt itself is an act of violence. Thus, Underwood has "been convicted of a misdemeanor crime of violence" under § 69-2433(5), as the district court so determined.

## CONCLUSION

The district court affirmed the State Patrol's decision that Underwood's conviction of attempted third degree sexual assault of a child was a crime of violence under § 69-2433(5) and disqualified him from receiving a concealed handgun permit. Finding no error, we affirm.

AFFIRMED.