IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

MAHLER V. MARSHALL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

WILLIAM N. MAHLER, APPELLEE,
V.
DENISE A. MARSHALL, APPELLANT.

Filed November 18, 2014.    No. A-14-080.

Appeal from the District Court for Douglas County: PETER C. BATAILLON, Judge. Affirmed.

Michael W. Heavey, of Columbo & Heavey, P.C., L.L.O., for appellant.

Jill M. Mason and John A. Kinney, of Kinney Law Firm, P.C., L.L.O., for appellee.

IRWIN, INBODY, and PIRTLE, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Denise A. Marshall appeals an order of the district court for Douglas County, Nebraska, establishing paternity of two minor children, making an initial custody determination, and ordering that the children remain in Nebraska. On appeal, Marshall asserts that the court erred in awarding joint custody of the children and in ordering that the children remain in Nebraska. We find *no* merit to Denise's assertions on appeal, and we affirm**.**

## II. BACKGROUND

Denise met William N. Mahler in California in 2006. The parties' first son was born in September 2007. They moved to Florida in 2008, where they remained for approximately 6 months. They moved to Omaha, Nebraska, in the fall of 2008. The parties' second son was born in 2009.

The parties decided to separate in January 2012, but continued to reside together until May. In William's complaint, he alleged that Denise and the children left Nebraska in late May,

- 1 -

and Denise's answer indicates that she had returned to California with the children. In June, William filed a complaint seeking to establish paternity. In his complaint, he alleged that he is the natural father of both children and he requested that the court order Denise to immediately return the parties' minor children to the State of Nebraska. Denise initially filed an objection to the court's jurisdiction, but then filed an answer and cross-complaint in July 2012. In her answer, Denise agreed that William was the natural father of both children.

In July 2012, the district court entered an order directing Denise to return the minor children to Nebraska, granting her temporary custody of the children with parenting time awarded to William, and establishing temporary support.

William filed an amended complaint in July 2013, in which he requested custody of the children or, in the alternative, an award of joint custody of the children.

In July 2014, the district court entered two orders: an order of findings and an order of paternity. Both orders are substantially similar in content. The court specifically found that William is the biological father of both children. The court found that it was in the best interests of the children to award joint legal and physical custody of the children, with physical possession of the children to alternate weeks and for the nonpossessory parent to have the children on each Wednesday. The court ordered the party receiving the children to be responsible for transportation. The court set forth holiday and vacation parenting time provisions.

The court specifically ordered that the children "shall reside in Omaha, Nebraska, or within 15 miles of 72nd and Dodge Streets, Omaha, Nebraska." The court found that such a requirement would assist in transportation by the parties and provide the children with a sense of security that both parents would be "close by."

In light of the court's award of joint custody and the court's order that the children live in or near Omaha, the court specifically denied Denise's request to move the children outside of Nebraska. The court found that such removal would not be in the best interests of the children.

This appeal followed.

## III. ASSIGNMENTS OF ERROR

On appeal, Denise has assigned two errors. First, she asserts that the district court erred in awarding joint physical custody to the parties. Second, she asserts that the court erred in requiring the children to live in or near Omaha and in prohibiting her from removing the children from the state.

## IV. ANALYSIS

### 1. JOINT CUSTODY

Denise first assigns error to the district court's award of joint custody. In this regard, she asserts that the court erred in allowing William to amend his pleadings to raise the issue of joint custody, as well as that the court erred in its ultimate conclusion that joint custody should be awarded. We find no merit to either assertion.

### (a) Amendment of Pleadings

Denise first argues that the district court erred in allowing William, at the commencement of the hearing in this case, to amend his complaint to include an alternative request for joint

custody. She argues that the amendment significantly impacted the nature of the case and the evidence to be offered and that allowing the amendment was prejudicial to her. We find no abuse of discretion by the court.

The Nebraska Supreme Court recently addressed the procedural due process safeguards necessary for a trial court to award joint custody in a paternity action. *Aguilar v. Schulte*, 22 Neb. App. 80, 848 N.W.2d 644 (2014). In that case, we recognized prior decisions indicating that in a paternity case subject to the Nebraska Parenting Act where neither party has requested joint custody, if the court determines that joint physical custody is, or may be, in the best interests of the child, the court shall give the parties notice and an opportunity to be heard by holding an evidentiary hearing on the issue of joint custody. *Id.* See *State ex rel. Amanda M. v. Justin T.*, 279 Neb. 273, 777 N.W.2d 565 (2010); *Zahl v. Zahl*, 273 Neb. 1043, 736 N.W.2d 365 (2007).

In *Aguilar v. Schulte, supra*, the court concluded procedural due process requirements were satisfied because the moving party's complaint included an assertion that both parties were fit and proper persons to be awarded temporary and permanent custody and that it was in the best interests of the child they be awarded joint temporary and permanent custody. *Id.*

Generally, procedural due process requires parties whose rights are to be impacted by a legal proceeding be given timely notice, which is reasonably calculated to inform the person concerning the subject and issues involved in the proceeding; a reasonable opportunity to refute or defend against a claim; a reasonable opportunity to confront and cross-examine adverse witnesses and present evidence on the claim; representation by counsel, when such is required by constitution or statute; and a hearing before an impartial decisionmaker. *Zahl v. Zahl, supra*.

In *State ex rel. Amanda M. v. Justin T., supra*, the State brought a paternity action, seeking to establish paternity and child support obligations of the putative father. In response, the putative father filed an answer and third-party complaint in which he did not include any request for either sole or joint legal or physical custody. The mother filed an answer and cross-claim in which she sought sole custody. Neither party had raised the issue of joint custody, but in its order, the court awarded the parties joint physical and legal custody. On appeal, the Supreme Court held that such an award violated due process where the mother was never provided any kind of notice that joint custody was an issue and had no opportunity to present evidence on the issue. *Id.* In so holding, the Supreme Court recognized that the factual inquiry for awarding joint custody is substantially different than it is for an award of sole custody. *Id.*

In William's initial complaint in this case, he requested that he be awarded custody of the minor children. In Denise's answer and cross-complaint, she requested that she be awarded custody. At the commencement of the hearing, William moved to amend his complaint to request either sole custody or, in the alternative, joint custody. Denise objected.

Although Denise argues on appeal that the amendment significantly impacted the nature of the case and the evidence that might have been offered and that it was prejudicial to her to allow the amendment, she has not presented any indication of how that is true. Denise has not indicated how the evidence or her preparation was negatively impacted, what she might have done differently had she received more notice, or how the allowance of the amendment prior to the start of the hearing prejudiced her case in any way.

In this case, Denise was able to cross-examine William's witnesses, challenge William's evidence, call her own witnesses, and put on her own evidence. She had notice prior to the first

witness' being called that joint custody was now an issue, and she had an opportunity to challenge joint custody throughout the hearing. In that regard, the present case is significantly different than *Zahl v. Zahl, supra*, or *State ex rel. Amanda M. v. Justin T., supra*, where no notice was provided and no opportunity to litigate the issue was provided. The record does not reflect that Denise moved for a continuance to allow any additional time to prepare for the joint custody issue, and she has not articulated any prejudice in her brief on appeal. We find no merit to her assertions that it was an abuse of discretion for the court to allow amendment of the pleadings.

(b) Merits of Joint Custody Award

Denise next asserts that the court erred in awarding joint custody. In this regard, her primary assertion on appeal appears to be that the evidence demonstrated that "the parties, due to their poor communications and distrust of one another, would be unable or unwilling to execute parenting duties jointly." Brief for appellant at 25. We find no merit to this assertion.

Child custody determinations are matters initially entrusted to the discretion of the trial court, and although reviewed de novo on the record, the trial court's determination will normally be affirmed absent an abuse of discretion. *Watkins v. Watkins*, 285 Neb. 693, 829 N.W.2d 643 (2013); *Bird v. Bird*, 22 Neb. App. 334, 853 N.W.2d 16 (2014). See, also, *Hill v. Hill*, 20 Neb. App. 528, 827 N.W.2d 304 (2013) (custody and parenting time determinations entrusted to discretion of trial court). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Barth v. Barth*, 22 Neb. App. 241, 851 N.W.2d 104 (2014).

When evidence is in conflict, an appellate court considers, and may give weight to, the fact that the trial court heard and observed the witnesses and accepted one version of the facts rather than another. *Bird v. Bird, supra*; *Barth v. Barth, supra*.

Joint physical custody must be reserved for those cases where, in the judgment of the trial court, the parents are of sufficient maturity that the arrangement will not operate to allow the child to manipulate the parents or confuse the child's sense of direction, and will provide a stable atmosphere for the child to adjust, rather than perpetuating turmoil or custodial wars. *Zahl v. Zahl*, 273 Neb. 1043, 736 N.W.2d 365 (2007). The factual inquiry necessary to impose joint physical custody is substantially different from that required for making a sole custody determination. *Id.*

In this case, both parties presented evidence concerning their own and each other's parenting strengths and weaknesses. We have previously noted that in contested custody cases, where material issues of fact are in great dispute, the standard of review and the amount of deference granted to the trial judge, who heard and observed the witnesses testify, are often dispositive of whether the trial court's determination is affirmed or reversed on appeal. *Barth v. Barth, supra*.

Although Denise is correct that the evidence adduced at trial reflected a history of poor communications and distrust between the parties, that is not all that the evidence adduced demonstrates. William amended his complaint to include an alternative request for joint custody, and he testified that he was not opposed to sharing decisionmaking authority with Denise. Denise testified that, despite the past communication problems of the parties, communications between

- 4 -

them had "dramatically improved" in the months prior to the hearing. Additionally, with respect to legal custody, we note that Denise's own suggestion to the trial court included a recommendation for joint legal custody.

Denise's argument on appeal appears to be entirely based on an assertion that the parties are incapable of communicating and trusting one another to sufficiently "execute parenting duties jointly." Brief for appellant at 25. Denise's own recommendation regarding legal custody, and the evidence from each party about improvements in that area and willingness to work together, support the district court's conclusion to the contrary.

Given all of the evidence adduced by the parties, our standard of review, and deference to the trial court's observation of the witnesses, we cannot find that the district court abused its discretion in awarding joint custody to the parties. Denise's assertions of error to the contrary are without merit.

## 2. RESIDENCY AND REMOVAL

Denise next asserts that the district court erred in requiring the children to reside in the Omaha area and in denying her request for removal of the children from the jurisdiction. Denise's entire argument concerning this assignment of error is based on her assertion that the court erroneously refused to allow her to reside with the children in California. In light of our conclusions above concerning the court's award of joint legal and physical custody, we similarly find no merit to Denise's assertions on this issue.

Denise first argues that general removal jurisprudence should not be applicable to the present case because there had been no prior child custody determination concerning the minor children herein and because at the time this action was commenced, she was already residing in California. While we agree with the general contention, this does not result in a conclusion that the district court erred in refusing to allow her to remove the children to California.

In *Coleman v. Kahler*, 17 Neb. App. 518, 766 N.W.2d 142 (2009), we recognized that the general removal jurisprudence established by *Farnsworth v. Farnsworth*, 257 Neb. 242, 597 N.W.2d 592 (1999), and its progeny is not specifically applicable to a child born out of wedlock where there has been no prior adjudication addressing child custody or parenting time. We also recognized that there was no good reason that the *Farnsworth* factors would not be properly included in the analytical framework to determine the children's best interests and that some consideration of those factors was appropriate in initial paternity determinations involving a request for removal of the children from the jurisdiction. *Coleman v. Kahler, supra*.

As such, we agree with Denise's assertion that general removal jurisprudence does not govern this case, although we note that it is appropriately considered in the determination about removal in cases such as this. Nonetheless, that conclusion does not dictate a finding that the district court erred in refusing to allow removal in this case.

As discussed above, we have concluded that the district court did not err in awarding joint legal and physical custody of the minor children. The court awarded that joint custody to manifest itself in alternating weeks of physical possession, with the nonpossessory parent's having parenting time every Wednesday. There has been no issue raised on appeal related to the details of the parenting time. Inasmuch as we have affirmed that arrangement, it is quite clear

that such an award of joint legal and physical custody and parenting time would be utterly inconsistent with allowing Denise to remove the children to California.

The district court made a specific finding that removal would be inconsistent with the joint custody arrangement and that removal would not be in the best interests of the children. The court also made a specific finding that the requirement for the children to reside in the Omaha area would facilitate transportation for the joint custody arrangement and would provide the children with an additional sense of security that both parties reside close by. We do not find any error in the court's denial of Denise's request to remove the children.

## V. CONCLUSION

We find no merit to Denise's assertions on appeal. We affirm.

AFFIRMED.