Fabiola A. Flores, appellant, v.
Manuel Flores-Guerrero, appellee.
___ N.W.2d ___

Filed February 27, 2015.    No. S-14-224.

1. **Child Custody: Appeal and Error.** An appellate court reviews child custody determinations de novo on the record, but the trial court's decision will normally be upheld absent an abuse of discretion.
2. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court bases its decision upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.
3. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.
4. **Words and Phrases.** As a general rule, the use of the word "shall" is considered to indicate a mandatory directive, inconsistent with the idea of discretion.
5. **Statutes: Appeal and Error.** An appellate court will not read into a statute a meaning that is not there.
6. **Child Custody.** A child custody determination that does not comport with statutory requisites is an abuse of discretion.
7. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the District Court for Sarpy County: William B. Zastera, Judge. Judgment vacated, and cause remanded for further proceedings.

James Walter Crampton for appellant.

Jamie E. Kinkaid and Nancy R. Shannon, of Cordell & Cordell, P.C., for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Wright, J.
### NATURE OF CASE
Fabiola A. Flores (Fabiola) appeals from the order of the district court that awarded her and Manuel Flores-Guerrero (Manuel) joint physical custody of their minor children and placed legal custody with the court. She argues that the district court's order, which made no special written findings regarding

Manuel's conviction for third degree domestic assault, violated Neb. Rev. Stat. § 43-2932 (Reissue 2008). Given the evidence presented to the district court, we agree that it was an abuse of discretion for the district court to make a custody determination without complying with § 43-2932. Therefore, we vacate the order of modification and remand the cause for further proceedings consistent with this opinion.

## SCOPE OF REVIEW

[1,2] An appellate court reviews child custody determinations de novo on the record, but the trial court's decision will normally be upheld absent an abuse of discretion. See *Kamal v. Imroz*, 277 Neb. 116, 759 N.W.2d 914 (2009). An abuse of discretion occurs when a trial court bases its decision upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Watkins v. Watkins*, 285 Neb. 693, 829 N.W.2d 643 (2013).

[3] Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination. *Id*.

## FACTS

The marriage of Fabiola and Manuel was dissolved by a decree entered on January 24, 2011. Fabiola was awarded sole legal and physical custody of the parties' two minor children subject to Manuel's reasonable rights of visitation. Manuel was ordered to pay child support. On May 5, per agreement of the parties, the divorce decree was modified to temporarily reduce Manuel's child support obligation.

On July 12, 2012, Manuel filed a complaint for modification of custody. He prayed for modification of the decree to award him sole custody of the children, subject to Fabiola's reasonable rights of visitation or, in the alternative, to award the parties joint legal and physical custody of the children.

Fabiola filed an amended answer and cross-complaint in which she asked the district court to leave custody with her but modify various provisions of the parenting plan related to visitation, extracurricular activities, the parties' obligations to notify each other when the children suffered from "significant

illnesses," and proof of health insurance. She also asked for permission to remove the children to California.

In December 2013 and January 2014, a trial was held on Manuel's complaint and Fabiola's amended cross-complaint. The evidence adduced by Fabiola included certified copies of an order sentencing Manuel to probation for his convictions of terroristic threats and third degree domestic assault and the mandate of the Nebraska Court of Appeals which affirmed his convictions in a memorandum opinion in case No. A-10-964. Fabiola testified that she was the victim of these crimes.

At the end of the hearing, Fabiola brought § 43-2932 to the district court's attention. The court stated that it was "very familiar with that statute." Immediately thereafter, the court orally entered its decision. On the issue of custody, it stated: "The Court's going to take legal custody of the children in the Court. I'm going to grant joint physical custody to the parties, one week on, one week off."

On February 11, 2014, the district court entered a corresponding written order. It found that both parties were "fit and proper persons to be awarded the physical custody of the minor children," and it awarded them joint physical custody. The court also found that it was "in the best interest of the minor children that legal custody be placed with the Court." On related matters, the court denied Fabiola's application for removal, recalculated Manuel's child support obligation, and ordered the parties to communicate only through e-mail or text messaging. The court also made other modifications related to expenses, extracurricular activities, and proof of health insurance.

Fabiola timely appeals. Pursuant to our statutory authority to regulate the dockets of the appellate courts of this state, we moved the case to our docket. See Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

## ASSIGNMENTS OF ERROR

Fabiola assigns, restated, that the district court abused its discretion in placing legal custody with the court, modifying the decree to provide for joint physical custody where there

was little evidence of cooperation between the parties, and granting the parties joint physical custody without making the written findings required by § 43-2932.

## ANALYSIS

In the order from which Fabiola appeals, the district court modified the parties' divorce decree in numerous ways. The most significant modification made by the court was to child custody, both legal and physical. It is this modification of custody to which Fabiola assigns error.

The district court made substantial modifications to the parties' custody arrangement. Prior to the order of modification, Fabiola had legal and physical custody of the children. The children were in Manuel's care at only the following times: (1) during his parenting time, which occurred on Wednesdays and alternating weekends; (2) for several weeks over the summer; (3) during holiday visitation; and (4) when Fabiola would occasionally ask him to watch the children for her. In the order of modification, the district court changed this arrangement by taking legal custody of the children and awarding the parties joint physical custody, with each parent to "have possession of the minor children for alternating periods of seven consecutive days." Thus, as a result of the district court's modification, Manuel gained joint physical custody where he had none before and Fabiola lost the sole legal and physical custody which she had been awarded in the divorce decree.

Fabiola argues that it was a violation of § 43-2932 for the district court to adopt this new custody arrangement without making special written findings regarding Manuel's conviction for third degree domestic assault. We agree.

## § 43-2932

Section 43-2932, found within Nebraska's Parenting Act, establishes certain requirements for the development of a parenting plan in cases where a parent is found to have committed child abuse or neglect, child abandonment, or domestic intimate partner abuse or to have interfered with the other parent's access to the child. This statute has potential applicability to

the instant case, because modification proceedings involving child custody require development of a parenting plan and are governed by the Parenting Act. See Neb. Rev. Stat. § 42-364(1) and (6) (Cum. Supp. 2014) and Neb. Rev. Stat. § 43-2924(1) (Reissue 2008).

Section 43-2932 states:

(1) When the court is required to develop a parenting plan:

(a) If a preponderance of the evidence demonstrates, the court shall determine whether a parent who would otherwise be allocated custody, parenting time, visitation, or other access to the child under a parenting plan:

(i) Has committed child abuse or neglect;

(ii) Has committed child abandonment under section 28-705;

(iii) Has committed domestic intimate partner abuse; or

(iv) Has interfered persistently with the other parent's access to the child; . . . and

(b) If a parent is found to have engaged in any activity specified by subdivision (1)(a) of this section, limits shall be imposed that are reasonably calculated to protect the child or child's parent from harm. . . .

. . . .

(3) If a parent is found to have engaged in any activity specified in subsection (1) of this section, the court shall not order legal or physical custody to be given to that parent without making special written findings that the child and other parent can be adequately protected from harm by such limits as it may impose under such subsection. The parent found to have engaged in the behavior specified in subsection (1) of this section has the burden of proving that legal or physical custody, parenting time, visitation, or other access to that parent will not endanger the child or the other parent.

Section 43-2932 imposes several obligations upon a court where a parent's commission of one of the listed actions is established by a preponderance of the evidence. Where "a preponderance of the evidence demonstrates" that a parent has committed one of the listed actions, a court must make

a determination to that effect. See § 43-2932(1)(a). Such a finding, in turn, obligates the court to impose any necessary limitations on custody, parenting time, and visitation and to make specific written findings prior to awarding legal or physical custody to the parent who committed the listed action. See § 43-2932(1)(b) and (3). A preponderance of the evidence is the equivalent of "the 'greater weight'" of the evidence. See *City of Scottsbluff v. Waste Connections of Neb.*, 282 Neb. 848, 864, 809 N.W.2d 725, 742 (2011). The greater weight of the evidence means evidence sufficient to make a claim more likely true than not true. NJI2d Civ. 2.12A.

[4] Throughout § 43-2932, the Legislature used the word "shall." As a general rule, the use of the word "shall" is considered to indicate a mandatory directive, inconsistent with the idea of discretion. *Wayne G. v. Jacqueline W.*, 288 Neb. 262, 847 N.W.2d 85 (2014). Therefore, where a preponderance, or the greater weight, of the evidence demonstrates that a parent has committed one of the listed actions, the obligations of § 43-2932 are mandatory.

Domestic intimate partner abuse is one of the actions listed in § 43-2932(1)(a). This type of abuse includes "an act of abuse as defined in section 42-903." See Neb. Rev. Stat. § 43-2922(8) (Cum. Supp. 2014). The acts of abuse defined in the Protection from Domestic Abuse Act are those committed against "household members" and include "[a]ttempting to cause or intentionally and knowingly causing bodily injury" and "[p]lacing, by means of credible threat, another person in fear of bodily injury." See Neb. Rev. Stat. § 42-903(1)(a) and (b) (Cum. Supp. 2014). Spouses and former spouses are considered household members. See § 42-903(3). Thus, threatening to cause or actually causing bodily injury to a spouse or former spouse qualifies as domestic intimate partner abuse.

## Application

In the instant case, the greater weight of the evidence before the district court demonstrated that Manuel had committed domestic intimate partner abuse. Given such evidence, § 43-2932 applied to the modification proceedings.

The district court received into evidence certified copies of an order sentencing Manuel to probation for his conviction of third degree domestic assault and the mandate of the Court of Appeals which affirmed his conviction. Together, these certified copies clearly established that Manuel had been convicted of third degree domestic assault. Fabiola testified without objection that she was the victim of this assault.

Neb. Rev. Stat. § 28-323(1) (Cum. Supp. 2014) provides that
[a] person commits the offense of domestic assault in the third degree if he or she:

(a) Intentionally and knowingly causes bodily injury to his or her intimate partner;

(b) Threatens an intimate partner with imminent bodily injury; or

(c) Threatens an intimate partner in a menacing manner.

To threaten someone in a menacing manner is to show "an intention to do harm." See *State v. Smith*, 267 Neb. 917, 921, 678 N.W.2d 733, 737 (2004). Thus, broadly speaking, in committing third degree domestic assault of Fabiola, Manuel either threatened her with bodily injury or actually caused her bodily injury. The fact that Manuel was convicted means that the State proved such conduct toward Fabiola beyond a reasonable doubt. See *State v. Molina*, 271 Neb. 488, 713 N.W.2d 412 (2006).

Manuel's conviction established beyond a reasonable doubt that he threatened to cause or did cause bodily injury to Fabiola, his spouse or former spouse. Threatening to cause or actually causing injury to a spouse or former spouse constitutes domestic intimate partner abuse. See §§ 42-903(1) and 43-2922(8). Therefore, the greater weight of the evidence received by the district court demonstrated that Manuel had committed domestic intimate partner abuse.

[5] We reject Manuel's argument that the provisions of § 43-2932 were not applicable because his conviction for third degree domestic assault occurred prior to entry of the parties' divorce decree. The statute does not include any language that indicates the listed actions must be committed within a certain period of time. And "an appellate court will not read into a

statute a meaning that is not there." *Kerford Limestone Co. v. Nebraska Dept. of Rev.*, 287 Neb. 653, 659, 844 N.W.2d 276, 281 (2014). Additionally, it would not serve the purposes of the Parenting Act to require courts to consider only recent assault or abuse. In Neb. Rev. Stat. § 43-2921 (Reissue 2008), the Legislature explained the underlying premise of the Parenting Act, stating:

> Given the potential profound effects on children from witnessing child abuse or neglect or domestic intimate partner abuse, as well as being directly abused, the courts shall recognize the duty and responsibility to keep the child or children safe when presented with a preponderance of the evidence of child abuse or neglect or domestic intimate partner abuse . . . .

Section 43-2932 would work against this duty and responsibility to keep children safe if it required courts to consider only those acts of assault or abuse which occurred subsequent to a decree of divorce. Accordingly, we conclude that regardless of when Manuel was convicted of third degree domestic assault, the evidence of his conviction made it necessary for the district court to comply with § 43-2932 before making a custody determination.

In entering the order of modification, the district court did not comply with § 43-2932. Despite the fact that Manuel committed domestic intimate partner abuse, the district court did not make a determination to that effect, as required by § 43-2932(1)(a). More important, the district court failed to make the written findings required by § 43-2932(3) before awarding joint physical custody. Section 43-2932(3) explicitly provides that where a parent has committed one of the listed activities, "the court *shall not* order legal or physical custody to be given to that parent *without making special written findings* that the child and other parent can be adequately protected from harm by such limits as it may impose" on custody, parenting time, and visitation. (Emphasis supplied.) The district court did not make such findings before ordering joint physical custody. Under § 43-2932(3), this failure by the district court precluded it from making the custody determination it did.

[6] A child custody determination that does not comport with statutory requisites is an abuse of discretion. *Zahl v. Zahl*, 273 Neb. 1043, 736 N.W.2d 365 (2007). Accordingly, to the extent the district court made a custody determination in the instant case without complying with § 43-2932, it abused its discretion. Under these circumstances, the district court's custody determination must be vacated.

In the order of modification, the district court made other modifications to the parties' divorce decree besides modifying custody. However, all of the modifications were based upon the modification of custody. Therefore, we vacate the order of modification in its entirety, and we remand the cause for further proceedings on the complaint for modification and amended cross-complaint.

Any order of modification of custody that the district court enters must include the findings required by § 43-2932(1)(a). Additionally, if Manuel is awarded any type of custody, the district court's order of modification must include special written findings that the children and Fabiola can be adequately protected by any limitations on custody, parenting time, and visitation that the court finds necessary. See § 43-2932(3).

[7] Our decision to reverse the district court's order of modification because it was not in compliance with § 43-2932 obviates the need to consider Fabiola's remaining assignments of error. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *Millennium Laboratories v. Ward*, 289 Neb. 718, 857 N.W.2d 304 (2014).

## CONCLUSION

For the foregoing reasons, we vacate the district court's order of modification and remand the cause for further proceedings consistent with this opinion.

JUDGMENT VACATED, AND CAUSE REMANDED
FOR FURTHER PROCEEDINGS.