IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MARTINEZ

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

FRANCISCO J. MARTINEZ, APPELLANT.

Filed September 5, 2017.    No. A-16-606.

Appeal from the District Court for Douglas County: J RUSSELL DERR, Judge. Affirmed in part, and in part sentence vacated.

Francisco J. Martinez, pro se.

Douglas J. Peterson, Attorney General, Erin E. Tangeman, and, on brief, Stacy M. Foust for appellee.

INBODY, RIEDMANN, and ARTERBURN, Judges.

INBODY, Judge.

## I. INTRODUCTION

Francisco J. Martinez, appearing pro se, appeals the decision of the Douglas County District Court denying his motion for postconviction relief without an evidentiary hearing.

## II. STATEMENT OF FACTS

In 1996, following a jury trial, Martinez was convicted of first degree sexual assault, use of a deadly weapon to commit a felony, terroristic threats, and tampering with a witness. Martinez did not appear at the sentencing hearing. Martinez was eventually apprehended and, in 2012, he was sentenced to 15 to 15 years' imprisonment for first degree sexual assault, 10 to 10 years' imprisonment for use of a deadly weapon to commit a felony, and 1 to 1 year imprisonment each

for terroristic threats and tampering with a witness. The district court ordered the sentences to run consecutively and Martinez was given credit for 244 days served.

Martinez filed a direct appeal and was represented by different counsel than represented him at trial and sentencing. On direct appeal, he assigned as error and argued that the district court erred in failing to direct a verdict for him because the evidence presented by the State was insufficient to support his convictions for first degree sexual assault and terroristic threats, he received ineffective assistance of trial counsel, and the sentences imposed were excessive. See *State v. Martinez*, A-12-0379 (memorandum opn. March 27, 2013). The facts of Martinez' offenses are set forth in detail in that opinion and will not be repeated here. *Id*. This court found his claims that the district court erred in failing to direct a verdict and that the sentences imposed were excessive to be without merit. See *id*. Further, we found that his claim that his trial counsel was ineffective for failing to call witnesses to corroborate his relationship with the victim was without merit. See *id*.

On March 27, 2014, Martinez filed a pro se verified motion for postconviction relief. Martinez subsequently filed, through counsel, an amended motion for postconviction relief. We note that in his reply brief, Martinez argues that the district court has "urge[d]" this Court to examine the district court's decision to proceed on the amended motion for postconviction relief and "ignore" his original pro se motion for postconviction relief. Reply brief for appellant at 10. A similar issue was succinctly addressed by the Nebraska Supreme Court in *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015), in which the defendant alleged that the district court erred in not considering his original motion for postconviction relief in combination with his amended motion for postconviction relief. The Nebraska Supreme Court noted that the defendant's argument was based on a fundamental misunderstanding of the nature of an amended pleading or motion. *Id*. Since an amended pleading supersedes the original pleading, whereupon the original pleading ceases to perform any function as a pleading, the district court did not err in limiting its analysis to the motion that was before it, i.e., the amended motion. *Id*. Similarly, in the instant case, after Martinez' attorney filed an amended motion for postconviction relief, the amended motion became the relevant motion to be considered by the district court and Martinez' previously filed pro se motion for postconviction relief ceased to perform any function as a pleading.

In his amended motion for postconviction relief, Martinez alleged various errors committed by the trial court, his trial counsel, and his appellate counsel. Martinez contended that the district court erred in: (1) improperly binding over and allowing the State to prosecute him without probable cause on charges of terroristic threats and witness tampering; (2) in failing to advise him of his right not to testify and admonish him of the consequences of waiving this right; (3) in failing to sustain trial counsel's motions for a directed verdict because the State failed to adduce sufficient evidence of the charge of tampering with a witness and failed to prove that the events occurred in Douglas County, Nebraska; (4) in allowing the State to play the 911 call during closing arguments after it had already been played once to the jury during the State's case-in-chief; (5) in allowing the jury to listen to the 911 call during deliberations; (6) in failing to present a proper verdict form which included the use of force or threat of force or coercion as an aggravating factor that must be proven; (7) improperly instructing the jury in instruction No. 5 indicating that the presumption of innocence continues throughout the trial "until he shall have been proved guilty beyond a

reasonable doubt"; and (8) allowing the State to present evidence which varied from the information and presented a second, uncharged theory of guilt regarding the charge of tampering with a witness.

Martinez' amended motion for postconviction relief alleged that his trial counsel was ineffective (1) in failing to interview, investigate, or call witnesses on his behalf; (2) in failing to properly prepare him for direct testimony and cross-examination by the State; (3) in failing to request a motion in limine to preclude testimony or evidence that Martinez was married to an individual other than the victim; (4) in failing to research, prepare, or present any proposed jury instructions when the court's final instructions misstated the applicable law, specifically jury instruction No. 5; (5) in failing to move for a mistrial when the State improperly sought to induce testimony of impermissible prior bad acts evidence; (6) in failing to properly seek out, negotiate, and communicate a plea offer by the State prior to trial that, had Martinez known of the potential consequences of proceeding to trial, he would have accepted; (7) in failing to object to the State's playing of the 911 call during closing arguments; (8) failing to object to the jury being permitted to listen to the 911 call during deliberations; (9) in failing to object to evidence presented to the jury that varied from conduct alleged in the information, to-wit: tampering with a witness; and (10) in failing to object to improper remarks made by the State in opening statements and closing arguments which amounted to prosecutorial misconduct, as the improper remarks expressed the prosecutor's opinions, were inflammatory, implied an improper burden upon the defendant, and misstated the evidence.

Finally, Martinez' amended motion for postconviction relief alleged that his appellate counsel was ineffective for failing to raise all the aforementioned issues on direct appeal as well as failing to assign as error that the district court "presented improper jury instructions, which failed to accurately set forth the law, did not conform to the NJI2d Crim. Model Jury Instructions and prejudiced [Martinez]" and failing to properly advise Martinez of his right to file a petition for further review (PFR) of the Nebraska Court of Appeals' decision to the Nebraska Supreme Court and failed to file such PFR.

The district court denied Martinez' motion for postconviction relief without an evidentiary hearing finding that Martinez had not set forth sufficient facts to warrant an evidentiary hearing under the *Strickland v. Washington*, 466 U.S. 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1989), test prong of prejudice. Martinez has timely appealed to this court.

## III. ASSIGNMENTS OF ERROR

On appeal, Martinez contends that the district court erred (1) in denying his motion for postconviction relief without an evidentiary hearing based upon errors committed by the original trial court, his trial counsel, and his appellate counsel; (2) the district court erred in conducting a hearing on its own motion solely for the benefit of the State; and (3) in receiving testimonial evidence relating to ineffective assistance of counsel and failing to make findings of fact and conclusions of law.

## IV. STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Nolan*, 292 Neb. 118, 870 N.W.2d 806 (2015); *State v. Huston*, 291 Neb. 708, 868 N.W.2d 766 (2015).

A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitutions. *State v. Huston, supra*. If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *Id*.

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law, which an appellate court resolves independently of the lower court's conclusion. *State v. Jackson*, 296 Neb. 31, 892 N.W.2d 67 (2017).

## V. ANALYSIS

### 1. DENIAL OF MOTION FOR POSTCONVICTION RELIEF WITHOUT EVIDENTIARY HEARING

Martinez contends that the district court erred in denying his motion for postconviction relief without an evidentiary hearing based upon errors committed by the original trial court, his trial counsel, and his appellate counsel.

### (a) Allegations Regarding Errors by Trial Court

Martinez contends that the district court erred in failing to grant him an evidentiary hearing on his allegations that the trial court erred (a) in allowing the State to play a 911 tape during closing arguments after it had already been played to the jury once during open court; (b) in improperly binding over and allowing the State to prosecute him without probable cause for terroristic threats and witness tampering; (c) in failing to advise him of his right not to testify and admonish him of the consequences of waiving that right; (d) in failing to sustain trial counsel's motions for directed verdict as to the charge of tampering with a witness and failing to prove the events occurred in Douglas County, Nebraska; and (e) in improperly instructing the jury by giving instruction No. 5 which indicated that the presumption of innocence continues throughout the trial "until he shall have been proven guilty beyond a reasonable doubt."

Each of the errors assigned by Martinez and listed in the paragraph immediately above were known at the time of his direct appeal. Errors which were known to the defendant at trial and which were not raised on direct appeal are waived in subsequent postconviction proceedings. *State v. Drinkwalter*, 14 Neb. App. 944, 720 N.W.2d 415 (2006). See *State v. Curtright*, 262 Neb. 975, 637 N.W.2d 599 (2002) (motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal). Thus, these issues which could have been issued on direct appeal have been waived by Martinez.

### (b) Allegations Regarding Ineffective Assistance of Trial Counsel

Martinez also contends that the district court erred in failing to grant him an evidentiary hearing on his allegations that trial counsel was ineffective in (a) failing to object during trial to the prosecution's comments regarding Martinez' marital status, and (b) failing to move for a mistrial after the trial court sustained objections to questions surrounding prior violence between Martinez and the victim.

Martinez was represented by different counsel on direct appeal than at trial. Martinez brought one ineffective assistance of trial counsel argument in his direct appeal, i.e., that his trial counsel was ineffective for failing to call witnesses to corroborate his relationship with the victim. This claim was rejected by this court. Since all of Martinez' allegations of ineffective assistance of trial counsel could have been raised on direct appeal because he had different appellate counsel than trial counsel, the claims of ineffective assistance of trial counsel raised in his amended motion for postconviction relief are procedurally barred.

### (c) Allegations Regarding Ineffective Assistance of Appellate Counsel

Martinez also assigns as error that the district court erred in failing to grant him an evidentiary hearing on his allegations that his appellate counsel was ineffective for failing to raise on direct appeal that his trial counsel was ineffective (i) for failing to object during trial to the prosecution's comments surrounding Martinez' marital status, and (ii) for failing to move for a mistrial after the trial court sustained objections to questions concerning prior violence between Martinez and the victim.

A proper ineffective assistance of counsel claim alleges a violation of the fundamental constitutional right to a fair trial. To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. To show prejudice under the prejudice component of the *Strickland* test, the defendant must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different. A reasonable probability does not require that it be more likely than not that the deficient performance altered the outcome of the case; rather, the defendant must show a probability sufficient to undermine confidence in the outcome. A court may address the two prongs of this test, deficient performance and prejudice, in either order.

A claim of ineffective assistance of appellate counsel which could not have been raised on direct appeal may be raised on postconviction review. When analyzing a claim of ineffective assistance of appellate counsel, courts usually begin by determining whether appellate counsel actually prejudiced the defendant. That is, courts begin by assessing the strength of the claim appellate counsel failed to raise. Counsel's failure to raise an issue on appeal could be ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. When a case presents layered ineffectiveness claims, we determine the prejudice prong of appellate counsel's performance by focusing on whether trial counsel was ineffective under the *Strickland* test.

If trial counsel was not ineffective, then the defendant suffered no prejudice when appellate counsel failed to bring an ineffective assistance of trial counsel claim.

*State v. Nolan*, 292 Neb. 118, 130-31, 870 N.W.2d 806, 819-20 (2015).

### (i) Marital Status

Martinez contends his appellate counsel was ineffective for failing to raise on direct appeal that his trial counsel was ineffective for failing to request a motion in limine or otherwise object during trial to the victim's testimony that Martinez was married to an individual other than the victim. The district court found that "[b]ecause there was relevant evidence of a consensual relationship at one time between the victim and [Martinez] . . . why and when it ended is not necessarily irrelevant." Further, at trial, the victim testified in detail regarding the events leading to Martinez' conviction for first degree forcible sexual assault. Martinez cannot establish prejudice from trial counsel's alleged failures because he cannot show a probability sufficient to undermine confidence in the outcome, and because he cannot establish prejudice from trial counsel's alleged failures, he likewise cannot establish prejudice from appellate counsel's failure to raise the issue on direct appeal.

### (ii) Evidence Concerning Prior Violence

Martinez contends his appellate counsel was ineffective for failing to raise on direct appeal that his trial counsel was ineffective in failing to move for a mistrial after the trial court sustained objections to questions concerning prior violence between Martinez and the victim. The first incident occurred during the State's re-direct examination of the victim when the prosecution asked her "[h]as [Martinez] ever been violent to you?" and the victim responded "Yes, he has." Trial counsel objected and moved to strike the response. The court sustained the objection and instructed the jury to disregard the question and answer. The second incident occurred during the State's cross-examination of the defendant when the prosecution asked Martinez "Well, wasn't it just two months before this incident that you had struck her?" Trial counsel objected prior to any response by Martinez. The trial court instructed the jury to disregard the question.

A mistrial is properly granted in a criminal case where an event occurs during the course of a trial that is of such a nature that its damaging effect cannot be removed by proper admonition or instruction to the jury and thus prevents a fair trial. *State v. McCurry*, 296 Neb. 40, 891 N.W.2d 675 (2017); *State v. Chauncey*, 295 Neb. 453, 890 N.W.2d 453 (2017). The defendant must prove that the alleged error actually prejudiced him or her, rather than creating only the possibility of prejudice. *State v. McCurry*, *supra*; *State v. Chauncey*, *supra*. Error cannot ordinarily be predicated on the failure to grant a mistrial if an objection or motion to strike the improper material is sustained and the jury is admonished to disregard such material. *State v. McCurry*, *supra*; *State v. Chauncey*, *supra*.

The district court found:

The [bill of exceptions] includes lengthy testimony by the victim, corroborated by other evidence of the crimes alleged, and [Martinez]' own testimony in support of his defense. The totality of this evidence establishes that even if, underline arguendo, counsel were deficient in

failing to object or move for mistrial and to appeal this issue, [Martinez] suffered no prejudice for failing to object or seek a mistrial. Put another way, with the evidence in the record, if the jurors somehow could not "disabuse" their minds of the statement, there is little or no chance the jury decided to convict [Martinez] because of the additional information. [Martinez]' argument that the admonition of the Court was insufficient to cure any prejudice is speculation.

In the instant case, the incidents complained of represented minor occurrences during the trial and trial counsel objected both times and the questions and the victim's answer were stricken and the jury was ordered to disregard. Martinez cannot establish prejudice because, even had his trial counsel filed a motion for mistrial, the evidence complained of was not of such a nature that its damaging effect could not be removed by the court's instruction to the jury. "[A]bsent evidence to the contrary, it is presumed that a jury followed the instructions given in arriving at its verdict." *State v. Daly*, 278 Neb. 903, 933, 775 N.W.2d 47, 71 (2009). Since Martinez cannot establish prejudice from trial counsel's alleged failures, he likewise cannot establish prejudice from appellate counsel's failure to raise the issue on direct appeal.

### 2. CONDUCTING HEARING ON ITS OWN MOTION

Martinez further contends that the district court erred in conducting a hearing on its own motion solely for the benefit of the State which resulted in a violation of his rights of due process and equal protection.

The record shows that, after the March 3, 2015, hearing on the State's motion to dismiss Martinez' motion for postconviction relief without an evidentiary hearing, the court ordered a written briefing schedule with the State given 14 days to file its brief and Martinez having 30 days thereafter to file his brief. The district court's May 31, 2016, order set forth that it had received Martinez' written argument around November 13, but that "[t]he State initially did not submit written argument." The court's order further set forth that "[t]he Court held a further hearing on its own motion on January 20, 2016 and requested additional argument. Upon receipt of the final written arguments on April 1, 2016, the Court took the matter under advisement."

Martinez contends that neither he nor his attorney was notified or informed of the district court's intention to hold a hearing on its own motion and, had he been made aware of the court's decision, he would have instructed his attorney to object or oppose, seek judgment by default, or demand equality and fairness from the court. However, the record before this court contains no record of the April 20, 2016, hearing. It is incumbent upon an appellant to supply a record which supports his or her appeal. *State v. Boche*, 294 Neb. 912, 885 N.W.2d 523 (2016). Absent such a record, as a general rule, the decision of the lower court as to those errors is to be affirmed. *Id*. Since Martinez has not included the record of the April 20 hearing in his appeal to this court, there is nothing in the record to support his allegations regarding this alleged error.

### 3. RECEIPT OF TESTIMONIAL EVIDENCE AND FAILURE TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW

Martinez' final assignment of error is that the district court erred in failing to adjudicate claims raised in his amended motion for postconviction relief. Specifically, he contends the district court failed to adjudicate his claims that his appellate counsel (a) failed to advise Martinez of his right to seek a petition for further review (PFR) of the decision of the Nebraska Court of Appeals to the Nebraska Supreme Court and the consequences of not filing it; and (b) failed to raise on direct appeal that the district court erred in failing to present to the jury a proper verdict form which included force or coercion as an aggravating factor that must be proven by the jury before the court could impose lifetime community supervision. The district court did not make specific findings regarding these two allegations; however, the district court's order overruled Martinez' request for an evidentiary hearing and sustained the State's motion to dismiss, effectively denying and disposing of all of Martinez' claims.

Further, pursuant to Neb. Rev. Stat. § 29-3001(2) (Reissue 2016), unless the court determines that a hearing is necessary, it is not required to make findings of fact and conclusions of law. This section provides:

> Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the county attorney, grant a prompt hearing thereon, and determine the issues and make findings of fact and conclusions of law with respect thereto.

Additionally, in appeals from postconviction proceedings, we review de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Nolan*, 292 Neb. 118, 870 N.W.2d 806 (2015). Thus, pursuant to our de novo review of the record, we review these allegations.

### (a) Allegations Regarding PFR

We note that although Martinez' brief alleges the assigned errors slightly differently than his amended motion for postconviction relief, because the district court generally denied his claims, addressing the allegations as raised in Martinez' amended motion for postconviction relief is the more straightforward way of addressing these claims. Martinez' amended motion for postconviction relief alleged that his appellate counsel was ineffective for failing to file a PFR and failing to properly advise Martinez of his right to seek a PFR of the decision of the Nebraska Court of Appeals to the Nebraska Supreme Court.

Regarding Martinez' claim that appellate counsel was ineffective for failing to file a PFR, the Nebraska Supreme Court has held that an attorney's failure to petition for further review on an issue cannot be grounds for postconviction relief, in that the right to counsel does not extend to discretionary appeals to a state's highest court. *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016); *State v. Crawford*, 291 Neb. 362, 865 N.W.2d 360 (2015) (in Nebraska, a defendant does not have a constitutional right to counsel beyond the conclusion of his or her direct appeal and therefore, he or she cannot be deprived of effective assistance of counsel based on the failure of

counsel to timely file a PFR); *State v. Mata*, 273 Neb. 474, 730 N.W.2d 396 (2007); *State v. Taylor*, 14 Neb. App. 849, 854, 716, N.W.2d 771, 776 (2006) ("the constitutional right to counsel extends only to a criminal defendant's first appeal as a matter of right and does not extend to a petition for further review by the Nebraska Supreme Court from a decision of the Nebraska Court of Appeals"). Because there is no right to counsel beyond the conclusion of the appeal to the Court of Appeals, Martinez was not deprived of effective assistance of counsel based on the failure of counsel to file a PFR.

We also reject Martinez' claim that his appellate counsel was ineffective for failing to properly advise him of his right to seek a PFR of the decision of the Nebraska Court of Appeals to the Nebraska Supreme Court. In *State v. Crawford, supra*, the defendant claimed he was prejudiced by his appellate counsel's withdrawal during the pendency of his direct appeal; he claimed he would have sought further review but the time for filing a PFR had expired before he learned that no substitute appellate counsel had been appointed. The Nebraska Supreme Court acknowledged that the defendant was "arguably without counsel at the time the Court of Appeals filed its decision and that during the period, he might have petitioned for further review," but held that the defendant could not establish prejudice because a defendant in Nebraska "does not have a constitutional right to counsel beyond the conclusion of his or her direct appeal and that therefore, he or she cannot be deprived of effective assistance of counsel to timely file a petition for further review." *Id*. at 376, 865 N.W.2d at 370.

Although not directly addressing the issue of whether court-appointed counsel was ineffective for failing to *advise* the defendant of his right to seek a PFR, the *Crawford* court acknowledged that after the Court of Appeals filed its decision, the defendant "might have petitioned for further review." *Id*. The *Crawford* court also held there was no right to counsel beyond the conclusion of the defendant's direct appeal. *Id*. at 376-77, 865 N.W.2d at 370. It follows that, since there is no right to counsel beyond the conclusion of the defendant's direct appeal, the defendant cannot be deprived of effective assistance of counsel for failure of counsel to notify the defendant of the right to file a PFR after the conclusion of his or her direct appeal.

Since Martinez has no constitutional right to further review beyond the conclusion of his appeal to the Court of Appeals, he had no right to counsel for that appeal and, accordingly, there is no basis for a claim of ineffective assistance of counsel. Thus, since a defendant has no constitutional right to court-appointed counsel after the conclusion of his direct appeal, Martinez' court-appointed counsel was not ineffective for failing to advise him of the right to seek a PFR.

(b) Lifetime Community Supervision

Martinez contends that his appellate counsel was ineffective for failing to raise on direct appeal that the jury, not the trial court, was responsible for finding that he committed an "aggravated offense" before he could be sentenced to lifetime community supervision. Brief for appellant at 47-48. The State "submits that the dispositive issue is actually that the trial court imposed lifetime community supervision upon Martinez in violation of the ex post facto clauses of the Nebraska and federal Constitutions." Brief for appellee at 21.

Both U.S. Const. art I, § 10, and Neb. Const. art. I, § 16, provide that no ex post facto law shall be passed. See *State v. Boche*, 294 Neb. 912, 885 N.W.2d 523 (2016); *State v. Simnick*, 279

- 9 -

Neb. 499, 779 N.W.2d 335 (2010). A law which purports to apply to events that occurred before the law's enactment, and which disadvantages a defendant by creating or enhancing penalties that did not exist when the offense was committed, is an ex post facto law and will not be endorsed by the courts. *State v. Boche*, *supra*. Nebraska appellate court ordinarily construe Nebraska's ex post facto clause to provide no greater protections than those guaranteed by the federal Constitution. *State v. Simnick, supra*.

Lifetime community supervision pursuant to Neb. Rev. Stat. § 83-174.03 (Reissue 2014) is a form of punishment. See *State v. Boche, supra*; *State v. Simnick*, *supra*; *State v. Payan*, 277 Neb. 663, 765 N.W.2d 192 (2009). Lifetime community supervision can only be imposed for offenses committed after July 14, 2006. *State v. Boche, supra; State v. Simnick, supra*. Martinez has a substantial right not to be subjected to an enhanced penalty that did not exist when his offense was committed; thus, it is appropriate, and indeed necessary, for this court to address this issue under the doctrine of plain error. See *Simnick, supra*.

Martinez committed his offenses in June 1996, a decade prior to the enactment of § 83-174.03. Thus, as pointed out by the State in its brief, Martinez' sentence of lifetime community supervision violates the ex post facto clauses of the Nebraska and federal Constitutions. When part of a sentence is illegal, an appellate court may, if the sentence is divisible, modify it by striking out the illegal part. *State v. Simnick*, *supra*. Thus, lifetime community supervision is vacated and stricken from Martinez' sentence, while the remainder of his sentence remains in full force and effect.

## VI. CONCLUSION

In sum, we find that the district court properly denied Martinez' motion for postconviction relief with the following exception: Because the lifetime community supervision provision of Martinez' sentence violated the ex post facto clauses of the Nebraska and federal Constitutions, we vacate and strike the lifetime community supervision from Martinez' sentence, while the remainder of his sentence remains in full force and effect.

AFFIRMED IN PART, AND IN PART SENTENCE VACATED.